288 U.S. 502 (1933)
HEINER, COLLECTOR OF INTERNAL REVENUE,
v.
DIAMOND ALKALI CO.[*]
Nos. 476 and 477.
Supreme Court of United States.
Argued February 10, 1933.
Decided March 13, 1933.
CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.
*503 Assistant Attorney General Youngquist, with whom Solicitor General Thacher and Messrs. Sewall Key, Norman D. Keller, Paul D. Miller, and Eldon O. Hanson were on the brief, for petitioners.
Mr. John W. Davis, with whom Messrs. William A. Siefert, Maynard Teall, and Marion N. Fisher were on the brief, for respondent.
MR. JUSTICE ROBERTS delivered the opinion of the Court.
These cases present the question whether, where the Commissioner of Internal Revenue has granted special assessments of profits taxes pursuant to § 328 of the Revenue Act of 1918 (40 Stat. 1093), a court, in an action for a refund, may recalculate the taxpayer's net income and recompute the tax by applying to the corrected net income the rate per cent. used by the Commissioner in his computation of the tax.
The Alkali Company filed returns for income and profits taxes for 1918 and 1919 and paid the tax shown to be due. The Commissioner proposed certain changes in income and capital as reported, principally due to decreases in amortization and depreciation allowances. At some date not disclosed by the record the company asked that its profits taxes by computed pursuant to §§ 327 and *504 328 of the act. The request was denied and correspondence and conferences ensued between the Commissioner and the taxpayer in an effort to settle the disputed items. The demand for computation of the taxes pursuant to the special assessment sections was pressed by the company. Twice during the period of negotiation the Commissioner advised that until the true net income was ascertained the propriety of special assessment could not be determined. Finally, in July, 1927, as a result of audits and investigations, he found the company's net income, and decided that, owing to abnormal conditions affecting its capital or income, assessment according to the usual method under § 301 would work an exceptional hardship, and relief should be granted pursuant to §§ 327 and 328. He so notified the respondent, enclosing a calculation of the taxes made by him pursuant to § 328. The taxpayer protested on several grounds, amongst others, that the net income as determined under § 301 was excessive, and that the ratio of tax to net income obtained by the Commissioner by comparison with the taxes of other representative corporations, as provided in § 328, was too high. It did not, however, as was its right, appeal to the Board of Tax Appeals from the determination of net income.
In November, 1927, the Commissioner made an assessment in accordance with his findings and demanded payment of a deficiency thereby disclosed. The respondent paid under protest and filed claims for refund, asserting the same objections it had previously urged. The claims were rejected and the respondent brought suits to recover the alleged overpayments. The District Court found that additional amounts should have been allowed for amortization, reduced the net income as determined, thereupon recomputed the taxes on the reduced income by applying the rate per cent. used by the Commissioner in his computation, *505 and rendered judgment in favor of the respondent. Both parties appealed. The Circuit Court of Appeals increased the amortization allowance, made additional deductions from gross income for depreciation, found a net income much less than that fixed by the District Court, and held that the tax should be recomputed by applying the rate used by the Commissioner to the new figure found as the net income. 60 F. (2d) 505.
Section 327 (d), so far as here material, enacts that "Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328," the tax shall be computed as provided in the latter section. Section 328 declares that the tax shall be "the amount which bears the same ratio to the net income of the taxpayer" as the average tax of representative corporations engaged in a like or similar trade or business bears to their average net income, and directs that in computing the tax the Commissioner shall compare the taxpayer only with representative corporations whose invested capital can be satisfactorily determined in accordance with § 326, which are as nearly as may be "similarly circumstanced with respect to gross income, net income, profits per unit of business transacted and capital employed, the amount and rate of war profits or excess profits, and all other relevant facts and circumstances."
In Williamsport Wire Rope Co. v. United States, 277 U.S. 551, it was decided that the allowance of special assessment is a matter of administrative discretion; and it *506 was further said that the selection for comparison of representative corporations engaged in a like or similar trade or business is also a question of discretion. The Commissioner cannot make an administrative finding upon the question for decision under § 327 (d) or that under 328 until he has determined the net income of the taxpayer. See United States v. Henry Prentiss & Co., ante, p. 73. He must compare the income of the taxpayer with that of corporations he deems representative in order to determine abnormality or gross disproportion between capital and income. When he comes to compute the ratio or rate of tax to be applied to the taxpayer's net income, as prescribed in § 328, he obviously will consider as a factor the ratio of tax to net income of the same representative corporations he examined for the purpose of deciding whether he should grant special assessment under § 327 (d).
The parties are in agreement that the Williamsport Wire Rope Co. case, supra, precludes revision, correction, or abrogation of the Commissioner's administrative discretionary findings, where, as here, there is no allegation of fraud. On the one hand the petitioners claim that the decisions below amount to such abrogation and the making of a new finding as to the right of special assessment and a fresh computation of the tax upon revised net income; on the other, the respondent says that the courts recognized the binding character of the Commissioner's findings, enforced rather than set aside his allowance of relief, and adopting the rate found by him, applied it to the true statutory net income as judicially determined in accordance with law.
We think the petitioners' position is correct. The taxpayer's true net income was an essential factor in the problem. Until that was known the Commissioner could make no proper or satisfactory comparison with conditions prevailing in other corporations similarly circumstanced. *507 We cannot say that if the income had been substantially less than the figure he used he would have granted special assessment under § 327 (d). Moreover, with a different net income, he might well have had to compare the relevant conditions in respondent's business with the operating results of corporations other than those he selected on the basis of respondent's net income as found, and might have concluded that a different ratio of tax to net income was applicable in respondent's case.
The grant of special assessment and the ascertainment of the rate or ratio of tax to be applied to the net income of the taxpayer are indissolubly connected by the terms of the statute. The exercise of the discretion in both aspects is committed to the Commissioner and to the Board of Tax Appeals upon review of his action. That discretion cannot be reviewed by the courts, nor exercised by them in place of the administrative officer designated by law. It is beyond the power of a court to usurp the Commissioner's function of finding that special assessment should be accorded, and equally so to substitute its discretion for his as to the factors to be used in computing the tax. The courts below were in error in adopting the rate chosen by the Commissioner and applying it to a net income other than that which he used in making his comparisons and arriving at the rate. The respondent's tax could only be computed in accordance with § 301 or under § 328. The former prescribes the elements to be considered, and error in the computation remains subject to judicial correction; the latter grants the taxpayer the benefit of discretionary action by the Commissioner, and precludes judicial revision or alteration of the computation of the tax.
The judgments must be reversed and the cases remanded for further proceedings in conformity with this opinion.
Reversed.
NOTES
[*] Together with No. 478, Lewellyn, Formerly Collector of Internal Revenue, v. Diamond Alkali Co.