## UNITED STATES PAPER EXPORTS ASS'N v. BOWERS.

District Court, S. D. New York.
April 16, 1934.

Donald Horne, of New York City, for plaintiff.

Martin Conboy, of New York City, U. S. Atty. (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for defendant.

BYERS, District Judge.

This is an action at law in which the plaintiff seeks judgment for the sum of $44,830.20 with interest from June 3, 1925, when payment thereof was made for income and profits taxes for the period of January 1, 1918, to June 29, 1918, levied and assessed against the plaintiff.

The claim has been the subject of judicial consideration, resulting in an order denying the defendant's motion to dismiss the complaint for failure to state a cause of action. American Paper Exports, Inc., et al. v. Bowers (C. C. A.) 54 F.(2d) 508.

The complaint then under examination was, in all material respects, the same as the amended complaint, and the change in the title of the action is due to the withdrawal of one plaintiff, and the substitution of a personal representative for the original defendant, now deceased.

The issues raised by the answer to the amended complaint are:

1. As to the organization of American Paper Exports, Inc., the purpose thereof, and its lawful acquisition of the assets and liabilities of the plaintiff, on June 29, 1918.

2. As to the allegation that on and after June 29, 1918, the American Paper Exports, Inc., held and owned all the authorized capital stock of plaintiff, and has since that date continued to hold and own the same, and continued to control; operate, manage and carry on the business of the plaintiff.

The government contends that from and after June 29, 1918, there was a merger of the two corporations into the American Paper Exports, Inc., and that the corporate life of the United States Paper Exports Association became extinct; that, during the second six months of 1918, the American corporation was conducting its own concerns purely, and not prolonging—despite entire stock ownership—the corporate functions of the United States company. This distinction, if shown, is said to require a departure from the declaration of the law of the case, as established by the Circuit Court of Appeals.

The plaintiff has retained sufficient vitality to present itself as a suitor in this court, and to conduct this litigation, which is perhaps a sufficient refutation of corporate de-

mise. Nor is there attempted proof of dissolution in the legal sense, whereby the charter would be deemed to have been surrendered.

The bill of sale, from the United States company to the American corporation purports to convey a going concern, engaged in business, and supports the inference that from and after July 1, 1918, existing contracts of the prior enterprise were carried out by the American corporation, not as its own undertakings, but as those of the United States company; if there had been a breach of any of them, the cause of action would have been against the latter.

The business activities of the United States company endured throughout the year 1918, for the first half under the direction of its own officers and employees; and during the second half, by the American corporation, which took over the going concern and directed its operations as the result of the ownership of all the capital stock. This seems to have been the affiliation as visualized by the Circuit Court of Appeals.

The new company also expanded operations by selling its own stock and acquiring the export business of a third enterprise.

The evidence in support of the foregoing statement is meager, consisting only in the testimony of the former secretary of the plaintiff and present treasurer of the American corporation, and documents pertaining to the organization of the parent company and the transfer of the properties of the United States company. The defendant offered no testimony in opposition, apart from departmental records which seem to contain nothing in contravention of what has been stated.

█ These issues therefore are deemed to have been resolved in favor of the plaintiff. From this, it results that nothing has been shown to render inapplicable the rule of decision concerning the necessity for a consolidated return for 1918, as announced on the reversal of the order dismissing the complaint.

3. That the plaintiff filed a tentative return on March 14, 1919, for the one-half year period ended June 30, 1918, and estimate of corporation and profits tax.

Such a return, verified by plaintiff March 14, 1919, is defendant's Exhibit E, and accompanied a check for $7,500.00, being a one-quarter payment of an estimated tax of $30,-000.00 for the one-half year ended June 30, 1918, and was in the form of an application for extension of time for filing completed return because form 1031 had not been issued by the department.

The point has not been briefed, presumably because it is not thought to be important. Probably the Regulations then effective ascribed no such purpose to a tentative return as would constitute a bar to the consolidated return as filed.

The answer to the amended complaint raises no other issues of fact, by way of denial.

█ There is pleaded, however, as an affirmative defense, that the plaintiff applied for a determination of its tax liability for the six months ended June 30, 1918, under sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1093), and that such application was granted.

Those sections have to do with a method of computing income and profits taxes where, by reason of abnormal conditions affecting the capital or income of the corporation, an exceptional hardship would be involved if resort were not had to such method.

It is not disputed that the tax complained of was assessed under these sections of the law, but the insufficiency of that separate defense has been established by the decision of Judge Patterson, who denied a motion for summary judgment on June 19, 1933.[1] The plaintiff apparently made the motion, upon the pleadings, and the defendant set forth, by affidavit, that a refund had been made to the parent company, the American Paper Exports, Inc., in May, 1925, of some $30,841.-49, being a part of the tax paid pursuant to the consolidated return. In denying that motion, the court said: "It is not clear, therefore, that the plaintiff is entitled to the whole amount sued for."

As to that incident, the defendant's present brief states:

"The refund which the Commissioner of Internal Revenue made to the American Paper Exports, Inc., on May 12, 1925 in the sum of $30,841.49 plays no part in the Court's consideration of this case except to show that, in the event the plaintiff should recover the amount sued for in the sum of $44,-830.20, the plaintiff's net income of $73,191.-51 would escape taxation."

That motion also seemingly involved a motion to dismiss the amended complaint, for the opinion contains the following:

"The motion to dismiss the amended complaint is also denied. The fact that the tax was paid under special assessment does not

---

[1] No opinion for publication.

appear on the face of the complaint, but only by the defendant's affidavit. In any event it is not a defense where the plaintiff's grievance goes to the imposition of the tax as a whole and is not an effort to have the tax readjusted."

The law of the case as to the effect upon the plaintiff's cause of the assessment under sections 327 and 328 of the act has thus been settled so far as this court is concerned.

The defendant would avoid the effect of Judge Patterson's ruling by arguing that the court is without jurisdiction to redetermine the plaintiff's tax for the period in question (Heiner v. Diamond Alkali Co., 288 U. S. 502, 53 S. Ct. 413, 77 L. Ed. 921), and with that contention there is no disposition to disagree; that it was incumbent upon the plaintiff to show that it owed no tax for 1918, in order to recover judgment, and that it had failed to make such proof, hence the above quotation does not dispose of this aspect of the case, because it was intended to point out only that, if the plaintiff owed nothing in respect of 1918 taxes, the special assessment could not impose a liability where one would not otherwise exist.

[redacted] If the theory of the plaintiff's case is understood, it is this: That the plaintiff's 1918 tax liability was reflected in the consolidated return filed in 1919 by the American Paper Exports, Inc., the so-called parent company, and no liability beyond that so revealed existed or could be properly assessed, because a consolidated return was proper under the Regulations. This, the plaintiff is deemed to have demonstrated by the unrefuted testimony offered to substantiate the contested allegations in the complaint.

Having thus met the burden of proof, it has made out its case and need not go farther and demonstrate a negative, namely, that it owed nothing beyond what was shown in the consolidated return.

The second quotation from Judge Patterson's opinion is quite clearly to the effect that the plaintiff's grievance is based upon the imposition of the tax and not upon its computation.

[redacted] The remaining question in the case has not been examined hitherto: The defendant asserts that recovery may not be had because the plaintiff's claim for refund does not "state the same facts as are relied on in this action."

That argument has reference to section 1113 (a) of the Revenue Act of 1926, which re-enacts section 3326 of the Revised Statutes (26 USCA § 156) which forbids such suits as this until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, "according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof."

The applicable regulation (art. 1304 of Reg. 69) reads as follows:

"Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843. All facts relied upon in support of the claim should be clearly set forth in detail under oath."

Does the present claim for refund comply with the foregoing? The document is Plaintiff's Exhibit 8, and cannot be conveniently reproduced here. It was made by the plaintiff on form 843 and was timely.

It states that it is a claim for refund of income and profits tax for the year 1918 in the sum of $44,830.20, and among other things that "claimant was not subject to the income, excess-profits and war-profits taxes paid."

While there is no specific reference to the consolidated return, there does appear upon the face of the claim, in diagonal lines, as though overwritten in the office of the collector, the words: "See facts in case (?) American Paper Exports Co. for 1918."

Rejection of the claim is embraced in a letter from the deputy commissioner attached to Plaintiff's Exhibit 8 and dated January 20, 1928, containing the following:

"The contentions upon which your claim is based are as follows:

"1. That the American Paper Exports, Incorporated was affiliated with your company during the six months period ended June 30, 1918.

"* * * Your contentions were rejected for the following reasons:

"1. (a) That the American Paper Exports, Incorporated, was not in existence prior to July 1, 1918 and, therefore, could not have been affiliated under Section 240 of the Revenue Act of 1918. (b) That a separate taxable entity existed during the last six months in 1918 inasmuch as two distinct corporations were involved. * * *"

Plaintiff's Exhibit 9 is a "Statement of Facts and Brief" filed September 8, 1927, by American Paper Exports, Inc., with the Bureau of Internal Revenue in behalf of the claim for refund, in which the affiliation is

presented clearly, and on page 4 under "Statement of Facts, etc.," the argument is presented that there was the affiliation as heretofore related, and that the tax should have been computed upon the net income and invested capital of the two corporations as one, for the year 1918.

The defendant under this point relies upon United States v. Felt & Tarrant Co., 283 U. S. 269, 51 S. Ct. 376, 377, 75 L. Ed. 1025, in which it was held that the claim for refund there involved did not comply with the statute or the Regulations, in that it gave "no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts upon which it may be founded."

One reason for the requirement, as the opinion states, is "to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue. * * *"

Standing alone, the claim upon which this plaintiff relies might be thought not to apprise the Commissioner of the precise nature of the right asserted, but when it is observed that rejection was based in part upon the denial of the affiliation for the year 1918, thus revealing a careful consideration of that which is the subject of the present controversy, it becomes apparent that the revenue officials were in fact cognizant of the demands or claims "intended to be asserted."

If that had not been so, the Bureau would not have held the claim under consideration upon the merits for a space of two years. Cf. United States v. Memphis Cotton Oil Co., 288 U. S. 62, at page 71, 53 S. Ct. 278, 281, 77 L. Ed. 619.

The claim for refund was understood by the Commissioner to embrace the contention which was passed upon in the motion to dismiss, and therefore must be deemed adequate.

The direction of a verdict for the plaintiff must follow, despite the resultant incongruity involved in permitting it to recover the amount of the entire assessment, in spite of the refund made to the parent company to which reference has been made, although that is concededly not an issue in this case.

It might have been if a counterclaim had been timely pleaded against the parent company while it was still a plaintiff in the case.

The court is reminded that, in an action at law, there can be no recognition given to the fact that the stockholders of the American corporation are to gain by this decision, as they have already benefited by the refund. If this is to be the result of maladroit administration, correction at least does not lie with this court.

Verdict directed for plaintiff for the judgment demanded in the complaint.