## WELCH, FORMER COLLECTOR OF INTERNAL REVENUE, *v.* OBISPO OIL CO.

No. 602. Argued March 10, 11, 1937.—Decided April 26, 1937.

*Mr. J. Louis Monarch,* with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Messrs. John G. Remey* and *Charles A. Horsky* were on the brief, for petitioner.

*Mr. Joseph D. Peeler,* with whom *Mr. Robert N. Miller* was on the brief, for respondent.

By leave of Court, *Mr. Percy W. Phillips* filed a brief, as *amicus curiae,* urging affirmance of the judgment below.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The Revenue Act of 1918, c. 18, 40 Stat. 1057, laid upon corporations, in addition to the income tax, a war profits and excess profits tax at very high rates. Because the profits tax might prove unduly burdensome, Congress provided by §§ 327 and 328 for a special assessment of the profits tax by the Commissioner of Internal Revenue under certain circumstances. The question for decision in this case is whether, when a special assessment has been made of the profits tax, a court may entertain an action for refund of an amount paid on the accompanying income tax on the ground that the income was erroneously determined.

Obispo Oil Company brought, in the federal court for southern California, this action to recover an amount alleged to have been illegally exacted as income tax for the year 1920. Upon final assessment, the Commissioner had assessed its net income for that year at $1,476,330.52. Under § 236 (b), it was necessary to deduct the profits tax and other amounts from the net income in order to determine the amount of the taxable net income. Because the net income of that year included large funds theretofore long in litigation, the Commissioner made a

special assessment under § 327 (d) to determine the profits tax.[1] Where a special assessment is made, § 328 commands that "the tax shall be the amount which bears the same ratio to the net income of the taxpayer . . . for the taxable year, as the average tax of representative corporations engaged in a like or similar trade or business, bears to their average net income . . . for such year." The Commissioner fixed that ratio as 9.67 per cent; and, applying it to the Obispo Company's net income of $1,476,330.52, computed the profits tax at $142,765.73. When this and other allowable sums were deducted, the taxable net income was found to be $1,245,430.63.

The statutory tax rate on net income being 10 per cent., the income tax was determined to be $124,543.06. The Company paid the income tax so assessed; filed then a claim for refund thereof, setting up several grounds of recovery; and, the refund being refused, brought this suit against the Collector of Internal Revenue for the Sixth Collection District of California for alleged over-payment. The amended complaint alleged that the sum had been "illegally exacted from the plaintiff on account of additional income and profits taxes for the year 1920." In a trial held in 1931, the District Court held that the company was entitled to recover the full amount claimed. 48 F. (2d) 872. The Collector appealed to the United States Circuit Court of Appeals; but before the appeal was determined there, the case was, upon agreement of the parties, referred back to the District Court for correction, to accord with our decision in *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417, which had meanwhile been rendered. Then the Collector moved in the District Court for judgment, claiming that the Com-

---

[1] The amended complaint alleged that §§ 327 and 328 were applied "due to the abnormality resulting from the inclusion in plaintiff's income for that year [1920] of said impounded funds."

pany was not entitled to recover any part of the sum sued for; and, specifically, that the court had "no jurisdiction of the subject matter of this action, the tax sought to be recovered having been assessed under the special assessment provisions of Sections 327 and 328 of the Revenue acts of 1918 and 1921."

The District Court overruled the Collector's motion to dismiss; ruled that the net income as determined by the Commissioner was excessive in the net amount of $40,102.44; and entered judgment for the Company in the sum of $4,010.24 with interest and costs. The Company appealed to the Circuit Court of Appeals, claiming chiefly that the 1920 net income should have been reduced by an additional depletion allowance of $516,598.10. The Collector filed a cross-appeal, claiming, among other things, that the District Court was without jurisdiction over the subject matter of the action, "the tax sought to be recovered having been determined and assessed by the Commissioner . . . under the special assessment provisions of Sections 327 and 328 of the Revenue Acts of 1918 and 1921." The Circuit Court of Appeals affirmed the District Court in holding that it had jurisdiction of the subject matter; but reversed the judgment on the ground that the assessment had overstated the net income by the net amount of $556,700.54, so that there should have been deducted the sum of $516,598.10 for depletion, in addition to the sum found by the District Court. 85 F. (2d) 860. Certiorari was granted upon petition of the Collector because of the practical importance of the question of jurisdiction presented.[2]

The Commissioner's action in applying or rejecting the procedure of §§ 327 and 328, and his computation of the

---

[2] The question was present in *United States* v. *Supplee-Biddle Hardware Co.*, 265 U. S. 189, and in *Heiner* v. *Diamond Alkali Co.*, 288 U. S. 502, but was not submitted to the Court for decision.

profits tax thereunder and of the regular income tax are reviewable by the Board of Tax Appeals. When no special assessment has been made of the profits tax, an action will lie to recover an amount erroneously exacted either for income or for profits taxes. But no court has power to review the grant or denial of a special assessment or the correctness of the computation made thereon. *Williamsport Wire Rope Co.* v. *United States,* 277 U. S. 551; *Heiner* v. *Diamond Alkali Co.,* 288 U. S. 502. The Company concedes that the amount of the profits taxes, being the subject of a special assessment under §§ 327 and 328, could not be reviewed by the court; but it insists that recovery may be had of the sum alleged to have been erroneously exacted for income tax.

In *Heiner* v. *Diamond Alkali Co.,* 288 U. S. 502, 503, where a special assessment had been made of profits taxes under §§ 327 and 328, the taxpayer sued to recover a part of the profits tax, alleging error in the determination of the net income on which it was based. The Circuit Court of Appeals allowed recovery (60 F. (2d) 505, 513, 514). We reversed its judgment, holding that the court may not, in an action for a refund of profits tax, recalculate the taxpayer's net income and recompute the profits tax by applying to the corrected net income the ratio fixed by the Commissioner for the computation of the tax. We did not pass upon the question whether the same rule should be applied if the taxpayer seeks a refund of the income tax because of an alleged error in the computation of the net income. But the reasoning of the opinion leads to that conclusion.

The Company insists that, as it would, in view of the large deductions allowed by the Court of Appeals, be entitled to a substantial refund even if it were denied the deduction of the whole of the profits tax from the net income, Congress could not have intended that the deduc-

tion provision should deprive the courts of jurisdiction to correct errors in determining the amount of the income from which the income tax is computed; that Congress intended to benefit the taxpayer when it directed that before computing the 10 per cent. income tax the net income fund should be reduced by deducting the profits tax therefrom; and that, therefore, it is unreasonable to adopt a construction of the law under which the allowance of the profits tax credit would be considered as so essential an element in the computation of the tax that the taxpayer would be deprived of all other adjustments in the event there is uncertainty as to the particular items.

By the statute the amount of the income tax payable is dependent upon the amount of the profits tax; and the amount of the profits tax is dependent upon the amount of the income. In order to determine the corporate income tax payable at the statutory rate of 10 per cent., of the taxable net income, there must first be deducted from the net income the amount of the profits tax. § 236 (b). Thus, to compute the income tax in the case at bar, it was necessary first to deduct from the net income ascertained as being $1,476,330.52, the profits tax which by applying, under § 328 (a), the ratio of 9.67 per cent. to the net income, was determined to be $142,765.73.

A change in the amount of net income to which the rate was applied would, of course, produce a change in the amount of the profits tax. Indeed, a different computation of net income might have made it proper to compare the taxpayer with a wholly different group of representative corporations, and hence might have resulted in the determination of a different rate for the profits tax. And moreover, the Commissioner, having authority, in his discretion, to determine whether there should be a special assessment, might have refused to make one. It is no less

true in the present situation than in *Heiner* v. *Diamond Alkali Co., supra,* 506, that the taxpayer's true net income is an essential factor in the determination of his liability under §§ 327 and 328; and it follows that the making of the special assessment precludes review by a court of the income tax determined.

*Reversed.*