**BOLCOM–CANAL LUMBER CO. v.
UNITED STATES.**
No. 42205.

Court of Claims.
May 2, 1938.

Ivins, Phillips, Graves & Barker, of Washington, D. C., for plaintiff.

John A. Rees, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiff is suing for a refund of taxes paid for the year 1918. Plaintiff, during that year, was affiliated for income and profits tax purposes with the Dickie Manufacturing Company and other corporations. The entire capital stock of the Dickie Manufacturing Company was owned by the Bolcom Mills, Inc. Tentative and, subsequently, completed consolidated income and profits tax returns were filed by plaintiff for itself and affiliated corporations and information returns were filed by the subsidiary corporations showing that the entire tax was to be assessed against the plaintiff. The information return of the Dickie Manufacturing Company showed that the company had surrendered its charter and gone out of business. The schedules attached to the consolidated return showed an operating loss by the Dickie Manufacturing Company, and also a deficit at the close of its operations and an operating loss was also shown for the Bolcom Mills, Inc. Operating losses were also shown for other members of the affiliated group but not for the parent corporation (plaintiff) and these losses were taken as deductions on the net income of the parent corporation in arriving at the consolidated taxable net income of the group. No deduction was taken for the loss in the liquidation of the Dickie Manufacturing Company by the Bolcom Mills, Inc.

May, 1922, the Commissioner proposed an additional tax upon the consolidated net income of the plaintiff and the affiliated corporations. In October, 1922, the plaintiff protested the additional assessment on various grounds and made a formal application for a determination of its profits tax for 1918 under the provisions of sections 327 and 328 of the Revenue Act of 1918, 40 Stat. 1093. Subsequently, the Commissioner increased the income and

profits tax for the affiliated group and made a jeopardy assessment and advised plaintiff that its application for special assessment was denied. Thereafter, claims in abatement were filed and waivers executed. Again in 1925 plaintiff made an application for a determination of its profits tax for 1918 under the special assessment sections claiming abnormalities in both income and invested capital under subdivision (d) of section 327. The Commissioner again denied this request for special assessment. A reaudit of the case upon the request of plaintiff was made on a statutory basis and an overassessment determined in the amount of $28,105.57, which was finally allowed by the Commissioner on a schedule of overassessment signed February 25, 1926. In arriving at this determination, the Commissioner refused to permit the loss sustained from the liquidation of the Dickie Manufacturing Company and treated it as an intercompany transaction. The overassessment was used to abate a portion of the additional assessment then outstanding, but the Commissioner refused to abate the balance of the additional assessment, whereupon the plaintiff paid the balance with interest.

On February 12, 1930, the plaintiff filed a claim for refund of $51,096.34 for the year 1918, setting out specifically two grounds:

(1) Bolcom Mills, Inc., sustained a loss of $62,010.11 upon the dissolution of the Dickie Manufacturing Company which was deductible in the computation of the consolidated net income.

(2) The profits tax should be computed under section 328 of the Revenue Act of 1918.

The plaintiff was advised by the Commissioner of the proposed rejection of this claim on the ground that the loss referred to represented an intercompany transaction and was not therefore deductible in computing consolidated net income, and that the case presented no abnormalities affecting income or invested capital.

In July, 1930, the plaintiff again renewed its request. The Commissioner reconsidered his decision and allowed special assessment and determined an overassessment of $25,548.96. This overassessment was duly scheduled on January 12, 1931, and refunded to and accepted by the plaintiff with interest in the amount of $2,933.87.

In its brief the plaintiff states that this suit is brought for the purpose of recovery of income and profits taxes paid for the year 1918. But the real question presented is, When the profits tax has been determined under the special assessment provisions upon application of the corporation, can a court entertain an action for refund of income tax on the ground that the income was erroneously determined by the failure of the Commissioner to allow a certain allowable deduction? It is apparent that the contention necessarily involves the action of the Commissioner in granting special assessment. The plaintiff having requested special assessment repeatedly and the Commissioner having finally granted special assessment, and an overassessment having been determined and refunded to and accepted by plaintiff, it is now proposed that the court go into the allowance of the losses sustained by the Dickie Manufacturing Company, plaintiff's affiliate, which the plaintiff claims should have been allowed in the consolidated return under the decision of Burnet v. Aluminum Goods Manufacturing Company, 287 U.S. 544, 53 S.Ct. 227, 77 L.Ed. 484.

The plaintiff is not seeking a change in the computation of its profits tax as determined under special assessment, but it desires the court to compute the consolidated income after the deduction of the losses sustained by the Dickie Manufacturing Company. In order to arrive at the profits tax it is necessary and compulsory to ascertain what is the net income of the consolidated group, because from this net income the profits tax is computed, and after this tax is taken off the net income the balance is the amount on which the corporate income tax at the statutory rate is computed. When special assessment is granted under sections 327 and 328 of the Revenue Act of 1918 the Commissioner has sole discretion as to the comparatives which will be used in arriving at the percentage to be applied to the class in which the taxpayer falls. It would be impossible where special assessment has been granted to recompute the net income without affecting the amount of the profits tax. In other words, if the consolidated income is reduced by the losses claimed, necessarily this would affect the amount of the profits tax and, the amount of the profits tax having been changed, the net income would necessarily be changed for the application

of the corporate income tax. We can see no merit in the claim. The plaintiff continuously applied for the granting of special assessment and finally the Commissioner granted the application. An over-assessment was found and refunded to the plaintiff and accepted by it.

It has been repeatedly held by the Supreme Court and by this court that no court has the power to review the grant or denial of special assessment or the correctness of the computation made thereon. Williamsport Wire Rope Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985.

In Welch v. Obispo Oil Company, 301 U.S. 190, 194, 57 S.Ct. 684, 685, 81 L.Ed. 1033, it is held: "In Heiner v. Diamond Alkali Co., 288 U.S. 502, 503, 53 S.Ct. 413, 77 L.Ed. 921, where a special assessment had been made of profits taxes under sections 327 and 328, the taxpayer sued to recover a part of the profits tax, alleging error in the determination of the net income on which it was based. The Circuit Court of Appeals allowed recovery. 60 F.2d 505, 513, 514. We reversed its judgment, holding that the court may not, in an action for a refund of profits tax, recalculate the taxpayer's net income and recompute the profits tax by applying to the corrected net income the ratio fixed by the Commissioner for the computation of the tax. We did not pass upon the question whether the same rule should be applied if the taxpayer seeks a refund of the income tax because of an alleged error in the computation of the net income. But the reasoning of the opinion leads to that conclusion."

See, also, United States v. Henry Prentiss & Co., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626; Curran Printing Co. v. United States, 14 F.Supp. 638, 83 Ct.Cl. 254, certiorari denied 301 U.S. 686, 57 S.Ct. 788, 81 L.Ed. 1343; Michigan Iron & Land Co. v. United States, 10 F.Supp. 563, 81 Ct.Cl. 330; Bradford & Co. v. United States, 6 F.Supp. 117, 79 Ct.Cl. 89, certiorari denied 293 U.S. 564, 55 S.Ct. 101, 79 L.Ed. 664; Central Iron & Steel Co. v. United States, 4 F.Supp. 113, 6 F.Supp. 115, 79 Ct.Cl. 56, certiorari denied 293 U.S. 563, 55 S.Ct. 75, 79 L.Ed. 663; Oak Worsted Mills v. United States, 36 F.2d 529, 68 Ct.Cl. 539, certiorari granted limited to another question 281 U.S. 717, 50 S.Ct. 465, 74 L.Ed. 1136, and affirmed Graham v. Goodcell, 282 U.S. 409, 51 S.Ct. 186, 75 L.Ed. 415; Chicago Frog & Switch Co. v. United States, 67 Ct.Cl. 662, certiorari denied 280 U.S. 579, 50 S.Ct. 32, 74 L.Ed. 629; Cleveland Automobile Co. v. United States, 6 Cir., 70 F.2d 365, certiorari denied 293 U.S. 563, 564, 55 S.Ct. 88, 79 L.Ed. 663.

Our attention has been called to the recent case of the American Chemical Paint Co. v. McCaughn, Collector, 24 F.Supp. 258, 1937, C.C.H.Fed.Tax Service, par. 9477, decided by the District Court for the Eastern District of Pennsylvania. We can see no similarity in the two cases. The district judge, in American Chemical Paint Co. v. McCaughn, supra, based his decision entirely on the fact that no application was made by the corporation for special assessment, but that special assessment was forced upon it by the Commissioner. In the instant case the corporation repeatedly applied for special assessment and its request was finally granted.

The determination of the taxpayer's true net income was an essential factor in arriving at its liability under the special assessment section. The application for special assessment by plaintiff and the granting of its request by the Commissioner preclude a review by this court of the income tax determined.

The petition is dismissed. It is so ordered.