## MICHIGAN STOVE CO. v. WOODWORTH.

No. 11283.

District Court, E. D. Michigan, S. D.

Feb. 6, 1939.

Wallick & Shorb, of Washington, D. C., for plaintiff.

Charles B. Aldrich, Asst. U. S. Atty., of Detroit, Mich., for defendant.

O'BRIEN, District Judge.

This case was submitted on the agreed statement of facts. Paragraph XXVI, the last paragraph of such agreed statement of facts, contains the following stipulation:

"The admitted facts herein disclose that to some extent taxes for certain of the years in suit were overpaid. They also show that the taxes were paid on assessments regularly certified by the Commissioner to the defendant. It is agreed that when the extent of overpayment is finally determined by the Court, a certificate of probable cause shall issue.

"If and when the Court shall have decided: (1) whether plaintiff is entitled to recover anything as overpaid taxes for 1918; (2) whether as matter of law invested capital should have taken account of good will and other tangible assets valued at $375,000.00 in 1901, and (3) when the profit on the war contract accrued and was taxable, it is agreed that the defendant

shall submit to plaintiff a recomputation of the taxes, giving effect to the facts as herein stipulated and to the law as announced by the Court, and, this, if approved by plaintiff, shall be the basis for judgment herein. If any dispute develops with respect to such recomputation the questions in dispute shall be resolved by the Court."

It therefore becomes incumbent upon this court to determine three questions.

The first question is whether plaintiff is entitled to recover anything for overpaid taxes for the year 1918, the Commissioner of Internal Revenue having allowed special assessment for that year, and the final tax paid having been so specially determined, as provided by Sections 327 and 328 of the Revenue Act of 1918.

■ These sections of the statute were passed for the benefit of the taxpayer. They became applicable only when the taxpayer specifically requested that he be allowed to come under the provisions of such. It is, therefore, a voluntary proceeding on his part. The courts have repeatedly held that when application is made and the Commissioner determines the assessment under such sections of the statute, that the courts have no power to consider whether the tax on the usual or regular basis is greater or less than that paid under the special assessment. Blair v. Oesterlein Co., 275 U.S. 220, 48 S.Ct. 87, 72 L.Ed. 249; Williamsport Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985; Heiner v. Diamond Alkali Co., 288 U.S. 502, 53 S.Ct. 413, 77 L.Ed. 921; Welch v. Obispo Oil Co., 301 U.S. 190, 57 S.Ct. 684, 81 L.Ed. 1033; Cleveland Automobile Co. v. United States, 6 Cir., 70 F.2d 365.

I must, therefore, answer the first question in the negative, that plaintiff is not entitled to recover anything as overpaid taxes for 1918.

■ The second question to be determined is whether, as a matter of law, invested capital should have taken account of good will and other intangible assets, valued at $375,000 in 1901. It is plaintiff's contention that a new corporation was formed in 1901, separate and apart from the old corporation, and that it should be treated as an entity, distinct and separate from the old and hence entitled to capitalize good will, and treat such as invested capital. The defendant contends that there was merely a continuance of the old incorpora-tion by reincorporation on expiration of the charter, and that capitalizing of good will could not be classed "invested capital" under the terms of the Revenue Act then in force. Under the facts as set forth in the stipulation and the authorities, I must find that the action taken by the stockholders and directors of the old corporation, whose term of existence expired in 1901, merely effected a reincorporation of the old corporation necessary under the law, and there was no sale or investment of capital, so that the capitalizing of good will could be classed as "invested capital".

There was no new money, money's worth, or anything else of value invested by the corporation or anyone else for such good will in 1901. There was no conversion of wealth from one form to another. There was no acquisition of a new asset, but merely the issuance of a stock dividend against accumulations existing as of that date, but not reflected on the books.

The action taken by the corporation in 1901, in regard to reincorporation, was merely for the purpose of complying with the law, so as to legally continue the existence of the corporation. I must, therefore, answer the second question in the negative and decide that, as a matter of law, the good will and other tangible assets valued at $375,000 in 1901 is not "invested capital". La Belle Iron Works v. United States, 256 U.S. 377, 41 S.Ct. 528, 65 L.Ed. 998; Landesman-Hirschheimer Co. v. Commissioner, 6 Cir., 44 F.2d 521.

■ The third question to be answered is in what year the profits accruing from a war contract were taxable. The plaintiff reported on the accrual basis and, strictly speaking, I think the profit was all income in 1919, being the year in which the amount was actually determined. However, the profits on the war contract were voluntarily reported by the taxpayer, part in 1918 and part in 1919, and the Commissioner accepted such returns and allowed the tax upon such basis. It would be inequitable now, since the statute of limitations has run against a deficiency settlement for the year 1919, to allow plaintiff to lift the $100,000 reported in 1918 from a taxable income, and thereby escape taxation. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293; Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265.

Also, to allow a change in the year in which the tax would be reported would be

to alter the special assessment of the Commissioner made upon request of a taxpayer, which, as I have pointed out above, I have no authority to do. I must, therefore, hold that the profits from the war contract should not be disturbed from the way they have been reported by the taxpayer and agreed to by the Commissioner.

I will adopt the findings of fact and conclusions of law requested by the defendant. Inasmuch as the stipulation of facts show plaintiff is entitled to certain refunds, I will grant ninety days to have the parties agree as to the amount of refund to be made in accordance with the stipulation of facts and the findings of the court, and to submit a judgment in the amount agreed upon. In the event an agreement cannot be reached, such dispute will be resubmitted to the court for settlement.