HOBBS WESTERN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104615.   Promulgated December 4, 1940.

*W. C. Magathan, Esq.*, for the petitioner.
*R. C. Whitley, Esq.*, for the respondent.

OPINION.

MURDOCK: The respondent filed a motion on October 12, 1940, to dismiss this proceeding in so far as it relates to excess profits taxes because the Board is without jurisdiction. The petitioner was notified in the deficiency notice that the Commissioner had determined a deficiency of $17,427.21 in income tax and an overassessment of $7,577.92 in excess profits tax, or a net deficiency of $9,849.29, for the fiscal year ended October 31, 1937.

The Board has held heretofore that a determination in regard to income tax and a determination in regard to excess profits tax are separate in so far as jurisdiction of the Board is concerned. In *Will County Title Co.*, 38 B. T. A. 1396, the Board assumed jurisdiction in regard to income tax for 1934, since the Commissioner had determined a deficiency therein of $529.25, but denied jurisdiction in regard to excess profits tax for that year, as to which the Commissioner had determined an overassessment of $745.04. It held in *Union Telephone Co.*, 41 B. T. A. 152, that it had jurisdiction in regard to excess profits tax for 1936, since the Commissioner had determined a deficiency therein of $842.84, although it had no jurisdiction in regard to income tax and undistributed profits surtax for that year, since the Commissioner had determined a net overassessment as to those two taxes, represented by a deficiency in income tax of $1,128.86 and an overassessment in undistributed profits surtax of $1,148.38. It said in that opinion that although the income tax and undistributed profits surtax were related, nevertheless, excess profits taxes were imposed by a different title and, therefore, were separate for jurisdictional purposes of the Board.

We hold, following the principle of those two decisions, that the Board in the present proceeding has no jurisdiction in regard to excess profits tax, but has jurisdiction in regard to income tax for the fiscal year involved. Consequently, the proceeding is dismissed for lack of jurisdiction in so far as it relates to excess profits tax.

