## SUPERHEATER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 45.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1942.

Jacob Mertens, Jr., of New York City (Charles B. McInnis and Frederick H. Torp, both of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Carlton Fox, and Benjamin M. Brodsky, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The sole issue is whether the Board has jurisdiction to redetermine the excess profits taxes of the petitioner for the year 1937 on a petition to review the determination of a deficiency only in the ordinary taxes of the petitioner for the same period. The Board, following its previous decisions, compare Will County Title Co. v. Commissioner, 38 B.T.A. 1396 and Hobbs Western Co. v. Commissioner, 43 B.T.A. 5, held that it lacked jurisdiction and dismissed the petition in so far as it related to the assessment of excess profits taxes. The petitioner then brought this petition to review.

■ The petitioner's case on the merits is based upon the contention that $425,115.00 which it included in its return of gross income for the period was erroneously so reported for reasons not presently material and should have been expunged by the Commissioner when the return was audited. If the petitioner is right the Board, assuming that it had jurisdiction, would make a redetermination that would change not only the assessment of ordinary income taxes but decrease the amount of excess profits taxes assessed as the exclusion of the above amount from gross income would affect both. The Commissioner's determination of the deficiency was in respect to the assessment for ordinary income taxes only, however, because it was the result solely of his recomputation of an allowable foreign tax credit which did not in any event affect the amount of the excess profits taxes because it could not be taken into consideration in the computation of them under Sec. 131 of the Revenue Act of 1934, c. 277, 48 Stat. 680, 26 U.S.C.A.Int.Rev.Acts, page 713; Sec. 106 (c) of the Revenue Act of 1935, c. 829, 49 Stat. 1014, 26 U.S.C.A.Int.Rev. Acts, page 801; and the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 819 et seq. Other adjustments made by the Commissioner resulted in a refund to the taxpayer and are not in dispute; nor, indeed, is there any dispute about the one which created the deficiency. The petitioner relies upon the undoubted power and duty of the Board, since that was enlarged by the Act of 1926, to redetermine the correct tax to the extent that its jurisdiction has been properly invoked whether that results in a deficiency or an overassessment. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; United States ex rel. Girard Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272. But a taxpayer can invoke the jurisdiction of the Board only when the Commissioner has determined a deficiency. This limitation inherent in Sec. 274 (a) (b) (e) and (g) of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev.Acts, pages 203, 204, has since been preserved in all material respects and the courts have given it effect. Uncasville Mfg. Co. v. Commissioner, 2 Cir., 55 F.2d 893; Tyson v. Commissioner, 7 Cir., 66 F.2d 160; Jackson Iron & Steel Co. v. Commissioner, 6 Cir., 54 F.2d 861. The petitioner does not dispute that but contends merely that the excess profits tax here involved is to be treated as an additional income tax so closely related to the ordinary income tax as to which the Commissioner did determine a deficiency that that determination gives the Board jurisdiction of the petition not only as to the redetermination of the ordinary income tax but as to the excess profits tax also.

So far as we are aware this question has heretofore been decided only by the Board which has consistently denied that it has jurisdiction. The solution of the problem is not altogether easy.

The petitioner plausibly argues that it has been the manifest intention of Congress, beginning with the Revenue Act of 1926, to amplify the original jurisdiction of the Board to the end that tax controversies might be decided so far as possible without a multiplicity of proceedings and with a minimum of administrative difficulties and points to the fact that the Commissioner requires ordinary income taxes; taxes on excess profits; and taxes on undistributed profits to be reported in one return as evidence that ordinary income taxes and excess profits taxes are to be treated as one in kind. It also refers to the fact that Chapter 2 in the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 500 et seq., which includes, inter alia, the statutory provisions relating to the excess profits tax is entitled, "Additional Income Taxes"; and to several consequences, thought undesirable, which might flow from holding these two taxes so separate and distinct that a petition to review a deficiency as to one will not include a redetermination of the other have been pointed out. On the other hand, as the Commissioner contends, there will apparently be consequences not altogether desirable if the view of the petitioner prevails.

What seem to us more potent considerations more likely to lead to a correct decision are the following factors. The legislative history of this excess profits tax statute in effect for the taxable year 1937 shows that Congress did not have in mind merely additional income taxes imposed in special rates applicable to specific income but that its aim was much broader. These excess profits taxes are closely related in purpose to making workable the capital stock tax provisions of Sec. 105 of the Revenue Act of 1935. c. 829, 49 Stat. 1014, 26 U.S.C.A. Int.Rev.Acts, page 796. They are laid in Sec. 106 of the same chapter, 26 U.S.C.A. Int.Rev.Acts, page 800, in rates there stated "upon the net income of every corporation for each income-tax taxable year ending after the close of the first year in respect of which it is taxable under section 105." Under the latter section an excise tax of one dollar was imposed on each one thousand dollars of the adjusted declared value of the capital stock of every domestic corporation carrying on business for any part of a taxable year. This declared value was whatever the corporation chose to make it. And so to make it worth while for the corporation to put the declared value in proper relation to the actual value the excess profits tax here involved was laid in Sec. 106 on the excess of the corporation's net income over a stated percentage of the adjusted declared value of its capital stock. What may be called the method of controlling somewhat the exercise of discretion given a corporation in declaring the value of its capital stock appeared in the National Industrial Recovery Act, Secs. 215 and 216, c. 90, 48 Stat. 195, 207, 208, and has been since followed. It is more of a check upon the exercise of this discretion than anything else. Compare, Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340. And it is interesting to note in this connection that when the excess profits tax in the Second Revenue Act of 1940 was enacted, c. 757, 54 Stat. 974, the excess profits tax here involved was not only retained but was referred to in Sec. 506 of the 1940, 26 U.S.C.A.Int.Rev.Code, § 600, Act as the "declared value excess-profits tax."

While it cannot be gainsaid that this tax is laid on specific income and in that sense is related to the ordinary income tax which is, indeed, computed under a formula which has as one factor the deduction of any such excess profits tax, its closer kinship is to the capital stock tax which obviously is not an income tax at all.

Many of the reasons underlying the affirmance of the decision imposing a penalty on the taxpayer in O'Sullivan Rubber Co. v. Commissioner, 2 Cir., 120 F.2d 845 apply here to distinguish this excess profits tax from the ordinary income tax. In neither Welch v. Obispo Oil Co., 301 U.S. 190, 57 S.Ct. 684, 81 L.Ed. 1033 nor Bolcom-Canal Lumber Co. v. United States, Ct.Cl., 24 F.Supp. 316, upon which the petitioner relies were the issues comparable to that here. They dealt with the absence of jurisdiction of the courts to review the action of the Commissioner in respect to the application of the special assessment provisions for determining war and excess profits taxes under certain circumstances as provided in the Revenue Act of 1918, 40 Stat. 1057.

Nor does it follow that because a deficiency in these excess profits taxes themselves must have been found to entitle the petitioner to have them redetermined by the Board that the taxpayer is wholly without a remedy when the Commissioner's determination is wrong. In redetermining the deficiency in ordinary income taxes the amount of the excess profits taxes to be deducted must, of course, be computed also. This determination will be res adjudicata in any timely suit against the collector to recover excess profits taxes paid. Tait v. Western Maryland Railway, 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405; Sunshine Coal Co. v. Adkins, 310 U.S. 381, 403, 60 S.Ct. 907, 84 L.Ed. 1263. Being so estopped, it is unlikely that the Commissioner would even disallow a claim for refund. But however that may be, it seems clear that until the jurisdiction of the Board is further enlarged whatever procedural convenience might be attained by having a formal redetermination of the excess profits taxes in this particular instance must give way to the greater necessity for recognizing and giving effect to the limited statutory jurisdiction of the Board.

Affirmed.