**STANDARD HOSIERY MILLS, Inc.,**
**Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 7474.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 22, 1957.

Decided Nov. 7, 1957.

Jacquin D. Bierman, New York City, for petitioner.

Harry Marselli, Attorney, Department of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Attorney, Department of Justice, Washington, D. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

PARKER, Chief Judge.

This is a petition to review a decision of the Tax Court of the United States which affirmed the action of the Commissioner of Internal Revenue in denying to the Standard Hosiery Mills, Inc. of High Point, N. C. relief under section 722 of the Internal Revenue Code

of 1939, 26 U.S.C.A. Excess Profits Taxes, with respect to excess profits taxes for the years 1942 to 1945 inclusive. The Tax Court reviewed the action of the Commissioner on petition by the taxpayer filed under the provisions of section 732 of the Internal Revenue Code of 1939 and there was review by a Special Division of the Tax Court as provided by subsection (d) of section 732. The position of taxpayer is that there was error in not giving it for the years in question the benefit of the constructive average base period net income allowed by the Commissioner in 1945 in computing taxpayer's excess profits tax for the year 1941. Taxpayer contends in support of this position that the Commissioner was bound under the applicable statute and regulations to apply the constructive average base period net income thus determined to subsequent years, in the absence of change of conditions or newly discovered evidence, and also that the Commissioner was estopped from denying taxpayer the benefit of such constructive average base period net income for subsequent years because of a notice given taxpayer in 1945 and taxpayer's destruction of records in reliance upon that notice.

We think it clear that we are without jurisdiction to entertain the petition for review. Section 732 of the Code of 1939 provides a special procedure for dealing with claims for refund of excess profits taxes based on abnormalities in income. The section provides for review of the Commissioner's action by the Tax Court with review of a decision of the Tax Court by a Special Division of that court; and such review is made exclusive "if in the determination of tax liability * * * the determination of any question is necessary solely by reason of * * * section 722."[1]

In the determination of taxpayer's excess profits tax liability for the years 1942–1945 inclusive, it is clear that determination must be made solely by reason of section 722. It is only under that section that taxpayer could be granted the relief which it seeks, and only under subsection (d)[2] of that section can contention be made as to the binding effect for the tax years in question of the determination of constructive average base period net income for the year 1941.

1. Subsections (c) and (d) of section 732 of the Internal Revenue Code of 1939 are as follows:

"(c) Finality of determination. If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Tax Court.

"(d) Review by special division of the Tax Court. The determinations and redeterminations by any division of the Tax Court involving any question arising under section 721(a) (2) (C) or section 722 with respect to any taxable year shall be reviewed by a special division of the Tax Court which shall be constituted by the presiding judge and consist of not less than three judges of the Tax Court. The decisions of such special division shall not be reviewable by the Tax Court, and shall be deemed decisions of the Tax Court."

2. Subsection (d) of Section 722 of the Internal Revenue Code of 1939 is as follows:

"(d) Application for relief under this section. The taxpayer shall compute its tax, file its return, and pay the tax shown on its return under this subchapter without the application of this section, except as provided in section 710 (a) (5). The benefits of this section shall not be allowed unless the taxpayer within the period of time prescribed by section 322 and subject to the limitation as to amount of credit or refund prescribed in such section makes application therefor in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. If a constructive average base period net income has been determined under the provisions of this section for any taxable year, the Commissioner may, by regulations approved by the Secretary, prescribe the extent to which the limitations prescribed by this subsection may be waived for the purpose of determining the tax under this subchapter for a subsequent taxable year."

The regulation cited by taxpayer in support of its contention[3] relates only to the granting of relief under 722(d); and the contention as to equitable estoppel is that the Commissioner is estopped from refusing to apply to the tax years in question the determination made under section 722 for the year 1941. No question under any provision of the tax laws other than 722 is involved and no principle of general law or equity is brought into question except as applied to relief asked under section 722. The determination of any question raised by taxpayer is necessary, therefore, "solely by reason of section 722." In the absence of that section, taxpayer would not be entitled to any relief or to have the courts consider any of the questions which it has raised, all of which relate to relief sought under that section.

■ The purpose of section 722 and the other statutory provisions referred to in section 732(c) was to relieve the burden of the excess profits tax in certain hardship cases. This was a matter of legislative grace, the exercise of which was vested by Congress in the Commissioner with review only by the Tax Court and with review of action of a division of the Tax Court only by a Special Division of that court. The questions involved in such cases are complicated and highly technical; and the manifest purpose of Congress was to allow review of the Commissioner's action only by an administrative court having special competence in the premises. This was clearly within the power of Congress, which might have made the Commissioner's determination final if it had seen fit to do so. Welch v. Obispo Oil Co., 301 U.S. 190, 193–196, 57 S.Ct. 684, 81 L.Ed. 1033; Heiner v. Diamond Alkali Co., 288 U.S.

502, 505, 53 S.Ct. 413, 77 L.Ed. 921; Williamsport Wire Rope Co. v. United States, 277 U.S. 551, 561–562, 48 S.Ct. 587, 72 L.Ed. 985. The decisions in such cases do not become reviewable by courts other than the Tax Court merely because they involve questions of law as well as questions of fact. James F. Waters, Inc., v. Com'r, 9 Cir., 160 F.2d 596, 598, certiorari denied 332 U.S. 767, 68 S.Ct. 77, 92 L.Ed. 353; Colonial Amusement Co. of Philadelphia v. Com'r, 3 Cir., 173 F.2d 568; George Kemp Real Estate Co. v. Com'r, 2 Cir., 182 F.2d 847, certiorari denied 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624; Colorado Milling & Elevator Co. v. Com'r, 10 Cir., 205 F.2d 551; A. B. Frank Co. v. Com'r, 5 Cir., 211 F.2d 497; Corn Products Refining Co. v. Com'r, 2 Cir., 215 F.2d 513, certiorari denied on this point 348 U.S. 911, 75 S.Ct. 298, 99 L.Ed. 714, affirmed on other issues 350 U.S. 46, 76 S.Ct. 20, 100 L.Ed. 29, rehearing denied 350 U.S. 943, 76 S.Ct. 297, 100 L.Ed. 823. Only where questions are involved other than the right to relief under the provisions mentioned in section 732 is there a right of review other than in the Tax Court. For cases where such review has been allowed because of the presence of such questions, see H. Fendrich, Inc., v. Com'r, 7 Cir., 192 F.2d 916; George Kemp Real Estate Co. v. Com'r, 2 Cir., 205 F.2d 236, reviewing 17 T.C. 755; Helms Bakeries v. Com'r, 9 Cir., 236 F.2d 3; Packer Pub. Co. v. Com'r, 8 Cir., 211 F.2d 612; May Seed & Nursery Co. v. Com'r, 8 Cir., 242 F.2d 151.

The petition to review the decision of the Tax Court will be dismissed for lack of jurisdiction.

Petition dismissed.

3. T.D. 5393 (paragraphs 5, 6, 11, 12) renumbering and amending section 30.722–5(d) of Regulations 109 and section

35.722–5(d) of Regulations 112. 1944 C.B. 415, 418, 422, 423.