The PATENT BUTTON COMPANY OF
TENNESSEE, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 13293.

United States Court of Appeals
Sixth Circuit.

June 30, 1958.

Scott P. Crampton and Dewey R. Roark, Jr., Washington, D. C., Geo. E. H. Goodner, Washington, D. C., of counsel, for petitioner.

Harry Marselli, Tax Division, Washington, D. C., Charles K. Rice, Lee A. Jackson, Tax Division, Washington, D. C., on the brief, for respondent.

Before SIMONS, Chief Judge, MARTIN, Circuit Judge, and JONES, District Judge.

SIMONS, Chief Judge.

This petition for review involves the Petitioner's excess profits tax for the years 1941, 1942, 1943 and 1945. The years 1940 and 1945 are involved because of the "carry back" provisions of the Internal Revenue Code. Section 722 of the 1939 Code, 26 U.S.C.A. Excess Profits Taxes, § 722 allowed taxpayers who qualified to make certain adjustments in the calculation of base period income. The adjustment sought by the Petitioner is based upon § 722(a) of the 1939 Code, wherein the general rule is enunciated and methods of computation provided in § 722(b) and (b) (4), all printed in the margin.[1]

1. "(a) General rule. In any case in which the taxpayer establishes that the tax computed under this subchapter (without the benefit of this section) results in an excessive and discriminatory tax and establishes what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purpose of an excess profits tax based upon a comparison of normal earnings and earnings during an excess profits tax period, the tax shall be determined by using such constructive average base period net income in lieu of the average base period net income otherwise determined under this subchapter. * * *

"(b) *Taxpayers using average earnings method.* The tax computed under this subchapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because— * * *

"(4) the taxpayer, either during or immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business or made

Section 722(b) recites how taxpayers using the average earnings method may compute their tax if their average base period net income is an inadequate standard of normal earnings if during or immediately prior to the base period they had commenced business or changed the character thereof and the average base period net income does not reflect the normal operation for the entire base period.

The Petitioner showed that during its base period the character of its business changed as the result of an extension of facilities and contends that if it had acquired additional presses two years before it did its net income would be substantially larger and its tax consequently lower, and that by either method its reconstructed net income for the year 1939 would have greatly mounted. The Tax Court found that the Petitioner had undergone a change in the character of the business but declined to give the requested relief because it was not convinced that had the Petitioner acquired its facilities two years before it did there would have been a market for its increased production so as to raise the base period net income as reconstructed beyond what was allowed by one of the normal methods of calculating base period net income in pursuance of § 713 (f) of the 1939 Code, 26 U.S.C.A. Excess Profits Taxes, § 713(f). Petitioner bases its right to appeal primarily on §§ 7482 and 7483 of the 1954 Internal Revenue Code, 26 U.S.C.A. §§ 7482, 7483 and by reason of § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009. Pending the hearing upon review, the Commissioner moved to dismiss the petition, relying upon § 732(c) of the 1939 Code, 26 U.S.C.A. Excess Profits Taxes, § 732(c), and the motion to dismiss and the merits of the petitions were heard together. Sec. 732(c) of the 1939 Code provides:

"*Finality of determination.* If in the determination of the tax liability under this subchapter the deter-

mination of any question is necessary solely by reason of section \* \* \*, or section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Tax Court."

The Petitioner contends that the above section has no application because the 1939 Code was repealed by § 7851(a) (6) (C) of the 1954 Code. That section provides:

"*Taxes imposed under the 1939 Code.*—After the date of enactment of this title, the following provisions of subtitle F shall apply to the taxes imposed by the Internal Revenue Code of 1939, notwithstanding any contrary provisions of such code;"

though Chapter 76, relating to judicial proceedings, now provides in §§ 7482 and 7483 for judicial review by the Court of Appeals of decisions of the Tax Court.

In two cases decided after the effective date of the 1954 Code, Helms Bakeries v. C. I. R., 9 Cir., 236 F.2d 3 and Standard Hosiery Mills v. C. I. R., 4 Cir., 249 F.2d 469 it was held that review of Tax Court decisions based solely upon application of § 722 of the 1939 Code is prohibited by § 732(c) thereof. In neither of these cases was the argument submitted that § 732(c) of the 1939 Code is repealed by § 7851(a) (6) (C). However, the present effect of § 732(c) must be determined by consideration of § 7851(b) (1) which recites:

"*Existing rights and liabilities.*—The repeal of any provision of the Internal Revenue Code of 1939 shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause, before such repeal; that all rights and liabilities under such code shall continue, and may be enforced in the same manner, as if such repeal had not been made."

the change in the character of the business two years before it did so, it shall be deemed to have commenced the busi-

ness or made the change at such earlier time."

Thus, we have a repeal, express even though not specific, of § 732(c) of the 1939 Code which gives finality to Tax Court decisions in relief cases but this is followed by the saving clause of § 7851 (b) (1) which not only preserves existing rights and liabilities under the 1939 Code but provides that such rights and liabilities may be enforced in the same manner as if such repeal had not been made. This, we think, was not the mere granting of a right without preserving authority to enforce it but as Judge Parker reasoned in Standard Hosiery Mills v. Commissioner, supra [249 F.2d 471], the granting of the relief provisions was a matter of legislative grace, the exercise of which was vested by Congress in the Commissioner with review only by the Tax Court and with review of action of a division of the Tax Court only by a special division of that Court:

> "The questions involved in such cases are complicated and highly technical; and the manifest purpose of Congress was to allow review of the Commissioner's action only by an administrative court having special competence in the premises."

Thus the saving clause preserves not only the existing rights and liabilities but, in respect to them, preserves the usual procedures by which they may be enforced. In this respect, we are supported by Brown Paper Mill Company, Inc. v. Commissioner, 255 F.2d 77, decided by the Court of Appeals for the Fifth Circuit. The concept that granting tax relief because of abnormal conditions requires expert judgment upon factors "not entirely susceptible of proof or disproof" and, so, negates the authority of a court to redetermine by review the judgment of an expert in the absence of fraud or other irregularity and it has been recognized in the following cases: Williamsport Wire Rope Company v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985; United States v. Henry Prentiss & Co., Inc., 288 U.S. 73, 53 S.Ct. 283, 77 L.Ed. 626; Heiner v. Diamond Alkali Company, 288 U.S. 502, 53 S.Ct. 413, 77 L.Ed. 921; Cleveland Automobile Company v. United States, 6 Cir., 70 F.2d 365, even though in varying circumstances.

The motion to dismiss is granted and the appeal is dismissed.