### GEORGE KEMP REAL ESTATE CO. v. COMMISSIONER OF INTERNAL REVENUE.
#### No. 204, Docket 21497.

United States Court of Appeals
Second Circuit.

Argued May 8, 1950.

Decided June 7, 1950.

Alexander S. Andrews, New York City, for petitioner.

C. Oliphant and Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack and Harry Marselli, Special Assistants to Attorney General, Washington, D. C., for respondent.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The petitioner paid an excess profits tax of $1311.75 for the year 1940 and filed a claim for refund thereof based solely on the provisions of section 722 of the Internal Revenue Code, 26 U.S.C.A. § 722. The claim was disallowed by the Commissioner. His determination was sustained by the Tax Court, 12 T.C. 943, and the taxpayer seeks a review thereof by this court. By motion to dismiss, the Commissioner raises the question whether this court has jurisdiction to entertain the petition.

Section 732 deals with review of abnormalities by Board of Tax Appeals.[1] Paragraph (c) of said section reads as follows: "(c) Finality of determination. If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Board."

Since the taxpayer's claim for relief was based solely on section 722, which grants relief with respect to abnormalities in the base period, judicial review of the Tax Court's determination is plainly prohibited, if section 732(c) is still operative.[2] The petitioner contends that it was repealed by the 1948 amendment to section 1141(a) of the Code which provides that federal courts of appeal "shall have exclusive jurisdiction to review the decisions of the Tax Court * * * in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 62 Stat. 991. In our opinion this amendment was not intended to enlarge the appellate jurisdiction originally conferred by section 1001 of the Revenue Act of 1926, 44 Stat. 109, so as to give jurisdiction to review decisions expressly made non-reviewable by section 732(c). Its purpose was merely to enlarge the scope of existing review so as to do away with the rule of Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248. That such was the

---

1. By section 504 of the Revenue Act of 1942 the name of the Board of Tax Appeals was changed to The Tax Court of the United States. 56 Stat. 798, 957, 26 U.S.C.A. § 1100.

2. See James F. Waters, Inc. v. Commissioner, 9 Cir., 160 F.2d 596, 597 with respect to relief claimed under section 721.

purpose of the amendment was expressly stated by the Senate Judiciary Committee.[3] The Treasury Regulations construing section 732(c) have not been changed because of the 1948 amendment of section 1141(a).[4] And the case of Colonial Amusement Co. v. Commissioner, 3 Cir., 173 F.2d 568, decided after the amendment, assumed that section 732(c) has not been repealed. We hold that it is still operative.

█ In the case at bar no disputed question of fact was presented to the Tax Court; its denial of relief under section 722 involved only a question of law. The taxpayer contends that section 732(c) should not be construed to forbid appellate review of questions of law. But plainly its language forbids any judicial review, whether of fact or law. It was so construed in the two cases already cited.[5] We agree with them. The case of Dowd-Feder v. Commissioner, 6 Cir., 173 F.2d 673, relied upon by the petitioner, is not to the contrary, since there the decision of the Tax Court did not depend solely on section 722.

██ Finally, the taxpayer argues that section 732(c) is inapplicable because the determination of the Tax Court was not of the petitioner's "tax liability" but of its right to a refund; in other words, that the prohibition of review applies only in a case in which a deficiency in tax was determined. This is answered by the legislative history of section 732(c). The committee report recognizes that a claim for refund will be the normal procedure for seeking relief under several of the sections mentioned in section 732(c) and states the intention to apply said section to such cases.[6] Indeed, section 732(a) makes clear that the Commissioner's notice of disallowance of a claim for refund "shall be deemed to be a notice of deficiency" if the taxpayer petitions the Tax Court for a redetermination of the tax.

Motion granted; petition dismissed for lack of jurisdiction.

3. Sen.Rep.No.1559, 80th Cong., 2d Sess., p. 13: "Explanation: Section 1294 of H. R. 3214 as it passed the House, relating to appeals from the Tax Court, provided that Tax Court decisions shall be subject to review by the courts of appeals in the same manner and to the same extent as decisions in the district courts in cases tried without a jury. The effect of this language was to repeal the rule laid down in Dobson v. Commissioner of Internal Revenue (320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248) to the effect that decisions of the Tax Court on questions of fact, including questions of accounting and ultimate conclusions of fact, are not reviewable if supported by any evidence in the record. The effect of section 1294 was to make decisions of the Tax Court on questions of fact reviewable if clearly erroneous, as is now the case with similar decisions of the district courts. In view of the elimination of the Tax Court from the bill and the consequent elimination of section 1294, this amendment to section 1141(a) of the Internal Revenue Code is necessary in order to accomplish the result intended by section 1294."

4. Treas.Regs. 112, § 35.732-1.

5. James F. Waters, Inc. v. Commissioner, 9 Cir., 160 F.2d 596, 598; Colonial Amusement Co. v. Commissioner, 3 Cir., 173 F.2d 568.

6. Cum.Bull.1941-1, p. 560: "Inasmuch as the taxpayer's right to relief under certain of the relief provisions provided in this bill may only be raised by a claim for refund, it is necessary that a procedure be provided whereby the Board may obtain jurisdiction to review a decision by the Commissioner disallowing such claims. Accordingly, section 732 * * * provides that the taxpayer may file a petition with the Board of Tax Appeals within 90 days after notice of such disallowance is mailed for redetermination of the excess-profits tax. If such petition is filed such notice of disallowance is deemed to constitute a notice of deficiency * * * *".