## COLORADO MILLING & ELEVATOR CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4563.

United States Court of Appeals
Tenth Circuit.

June 19, 1953.

Howard W. Rea, of Washington, D. C. (Mason A. Lewis and Richard M. Davis, Denver, Colo., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner sought a redetermination of excess profits tax deficiencies for the fiscal years 1944 and 1945. It claimed that inventory losses for 1938 and 1939[1] for wheat on hand, resulting from violent drops in wheat prices, resulted in abnormally low net income for those two years and thus resulted in an unrealistic picture of its net profits for the four base years, for the purpose of computing its excess profits for excess profits tax purposes. Its position is that in determining its net income for the years 1938 and 1939 for the determination of excess profits it is entitled to have restored to the inventory price of wheat on hand the sharp drop in price during those two years. In short, its position is that the cost of the wheat on hand for those two years, which was claimed as a deduction from its gross receipts, constitutes abnormal deductions for the purposes of Section 711(b) (1) (J) of the Internal Revenue Code, 26 U.S.C.A., and should thus be disregarded.

A motion has been filed by respondent to dismiss the petition for review on the ground of lack of jurisdiction. Respondent contends that the determination of the question presented by the appeal arises solely by reason of Section 711(b) (1) (J) and that jurisdiction to review or redetermine such a question is vested exclusively in the Tax Court.

Section 732(c) in part provides that "If in the determination of the tax liability * * * the determination of any question

1. 1938 and 1939 were two of the four base years upon which petitioner's normal income was computed.

is necessary solely by reason of section 711 (b) (1) (J) * * * the determination of such question shall not be reviewed or redetermined by any court or agency except the Board."

Respondent's position finds support in decisions by the Ninth, Third and Second Circuits.[2] Petitioner contends that these cases do not control because the controversy here involves a consideration of Section 23 as well as Section 711(b) (1) (J) and that, therefore, the court has jurisdiction as found by the Ninth Circuit in Stimson Mill Co. v. Commissioner, 163 F.2d 269, and by the Sixth Circuit in Dowd-Feder, Inc., v. Commissioner, 173 F.2d 673. A careful consideration of the case compels the conclusion that this position is not well taken. Section 23 of the Internal Revenue Code deals solely with deductions from gross income for the purpose of computing net income. It merely provides what may be subtracted from gross income for the purpose of fixing net income. It does not mention abnormal deductions. The net income resulting from taking the deductions authorized by Section 23 becomes the net income for computing excess profits for excess profits tax purposes, unless there are abnormalities or unusual circumstances which Congress thought ought to be taken into consideration in determining excess profits for tax purposes. What abnormalities should be taken into consideration for the purpose of adjusting normal income is determined solely by a consideration of Sections 721 and 722 and in our case Section 711(b) (1) (J). Section 23 has no bearing upon that question and need not be considered in determining the answers to our problem.

Petitioner in substance concedes this because while at the beginning of its brief in opposition to the motion to dismiss it states, "This case involves the question of (1) whether Section 23 of the Code * * * is to be read into Section 711(b) (1) (J) * * * and (2) whether losses of corporations, authorized as deductions from gross income in Section 23(f), lose that character for purposes of Section 711 (b) (1) (J) * * *", no attempt is made to show what consideration must be given to Section 23 in determining the question or how it is to be read into Section 711. In its brief on the merits, petitioner in effect concedes that the question which it seeks to raise arises solely from a consideration of Section 711(b) (1) (J). On the first page of its brief it states that with respect to these losses, "Under Section 711(b) (1) (J) of the Internal Revenue Code petitioner is entitled to restore deductions abnormal in class or amount to its base period income, in determining its excess profits tax credit * * *." It further states that "Petitioner contended that deductions for the cost of the wheat sold, claimed and allowed on its income tax returns for the fiscal years 1938 and 1939, constituted 'deductions' (abnormal in class or amount) within the meaning of Section 711(b) (1) (J) * * *." At the beginning of its argument on Page 10 it is again stated that the question arises under Section 711(b) (1) (J).

It is our conclusion that the question of abnormal deductions during 1938 and 1939, if any, and the treatment to be accorded them arises solely under Section 711(b) (1) (J) and that by virtue of Section 732 we are without jurisdiction to review the decision of the Tax Court. The motion to dismiss the petition for review is, therefore, sustained.

2. See James F. Waters, Inc., v. Commissioner, 9 Cir., 160 F.2d 596; Colonial Amusement Co. of Philadelphia v. Commissioner, 3 Cir., 173 F.2d 568; George Kemp Real Estate Co. v. Commissioner, 2 Cir., 182 F.2d 847.