The **BROWN PAPER MILL COMPANY,**
Inc., Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE,** Respondent.

No. 16115.

United States Court of Appeals
Fifth Circuit.

May 8, 1958.

Rehearing Denied June 11, 1958.

Robert Ash, Norbert J. Heubusch, Washington, D. C., L. J. Benckenstein, Beaumont, Tex., for petitioner.

Harry Marselli, Atty. Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., John Potts Barnes, Chief Counsel, Internal Revenue Service, Claude R. Marshall, Sp. Atty., Washington, D. C., for respondent.

Before JONES, BROWN and WISDOM, Circuit Judges.

JONES, Circuit Judge.

The Brown Paper Mill Co., herein called the taxpayer, manufactures and sells Kraft paper and board. The taxpayer was incorporated in 1929. It and its predecessor corporation have been in operation since 1923.

The present controversy concerns the taxpayer's Federal excess profits taxes for the years 1940 through 1945. It filed claims for refund of income taxes overpaid for the years 1942 through 1945. It also filed applications for relief from and refund of excess profits taxes paid for the years 1940–1945. The Commissioner of Internal Revenue disallowed the application for relief and refund and determined that certain income and excess profits tax deficiencies existed with respect to the years in question. There-

upon, the taxpayer instituted proceedings in the Tax Court. The latter passed upon various issues, some pertaining to excess profits tax relief and some relating to other matters. Some of the issues were resolved in favor of the taxpayer and some in favor of the Commissioner, as reflected in its opinion and decision. Brown Paper Mill Co. v. Commissioner of Internal Revenue, 23 T.C. 47.

Pursuant to the provisions of Sections 7482, 7483, and 7851(a) (6) (c) of the Internal Revenue Code of 1954, 26 U.S. C.A.(I.R.C.1954) §§ 7482, 7483, 7851(a) (6) (C), the taxpayer sought review in this Court of the Tax Court's decision. The Commissioner moved to dismiss, asserting that under Section 732(c) of the Internal Revenue Code of 1939, 26 U.S. C.A.(I.R.C.1939), § 732(c), 26 U.S.C.A. Excess Profits Taxes, § 732(c), we cannot review the Tax Court's determinations of the issues here presented. The motion and the argument on the merits were heard together.

The taxpayer raises several questions, all of which pertain to excess profits tax relief sought by it under the provisions of Section 722 of the Internal Revenue Code of 1939, 26 U.S.C.A.(I.R.C.1939), § 722, 26 U.S.C.A. Excess Profits Taxes, § 722, and denied by the Commissioner and the Tax Court. The taxpayer urges a reversal on the grounds (a) that the Tax Court made adverse ultimate findings contrary to favorable detailed evidentiary findings; (b) that the Tax Court reached certain conclusions without there being any findings of fact in support thereof; and (c) that the Tax Court determined that certain theories of relief could not be entertained because they were untimely or inadequately presented to the Commissioner. For reasons which follow, it is concluded that the motion to dismiss must be granted. Therefore, no inquiry will be made into the merits of the petition for review.

Section 732(c) of the Internal Revenue Code of 1939 reads as follows:

"If * * * the determination of any question is necessary solely by reason of * * * section 722,

the determination of such question shall not be reviewed or redetermined by any court or agency except the Board." 26 U.S.C.A.(I.R.C. 1939) § 732(c), 26 U.S.C.A. Excess Profits Taxes, § 732(c).

 The Board is now the Tax Court. The denial of judicial review is constitutional, as Section 722 is a special relief provision extended as a matter of legislative grace. James F. Waters, Inc., v. Commissioner of Internal Revenue, 9 Cir., 1947, 160 F.2d 596. See also Williamsport Wire Rope Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985.

The first question which arises with respect to Section 732(c) is whether it has been repealed by the 1954 Internal Revenue Code. Such repeal, if any, was not express. However the argument is advanced by taxpayer that the language of Section 7851(a) (6) (C) of the 1954 Code clearly repeals the mentioned section. Section 7851(a) (6) (C) provides that following the enactment of the 1954 Code certain procedural provisions of the new Code shall apply to the taxes imposed by the 1939 Code, "notwithstanding any contrary provisions of" the 1939 Code. Among the provisions thus made applicable to earlier taxes are those in the chapter relating to judicial proceedings, including Sections 7482 and 7483 which authorize review of Tax Court decisions by the Courts of Appeal in the same manner as judgments of district courts in non-jury cases. No exception to such review is set forth, and therefore it is argued that the designation by Section 7851(a) (6) (C) of Sections 7482 and 7483 to govern appellate review of Tax Court decisions "notwithstanding any contrary provisions of" the 1939 Code in effect repeals the provisions of Section 732(c) of the 1939 Code which prohibit review.

 Neither the textual analysis nor legislative history sustains the taxpayer's contention but rather they show that Section 732(c) still applies with respect to review of World War II excess profits tax relief proceedings. The 1954 Code provisions which are made applicable to 1939 Code taxes by Section 7851 (a) (6) (C) deal with matters of general procedure and significance, cutting across the various taxes imposed. Specifically, Sections 7482 and 7483 set forth the method of review which is to be the normal one in respect of the various taxes imposed by the law. A particular procedure created by statute for a specific type of tax or for a specific type of tax relief would be operative in its area despite the existence of a different general procedure. This principle is one of basic statutory construction, specialia generalibus derogant. The 1939 Code had general procedural provisions directly comparable to the ones listed in Section 7851 (a) (6) (C) of the 1954 Code, including provisions essentially identical with Sections 7482 and 7483 of the latter. Some of the general provisions of the 1939 Code differed from those of the 1954 Code, and to that extent the phrase "notwithstanding any contrary provisions of such code" had meaning as establishing that the later provisions should govern. Sections 7482 and 7483 of the 1954 Code replaced Sections 1141 and 1142 of the 1939 Code. These set forth the normal review procedures and do not relate to the particular appeal provisions applicable in special situations such as Section 732(c). Repeals by implication are not favored. We do not think that implied repeal of Section 732(c) was any more intended in 1954 than in 1948 when there was an amendment of Section 1141 of the 1939 Code, following which a like argument was rejected. See George Kemp Real Estate Co. v. Commissioner, 2 Cir., 1950, 182 F.2d 847, certiorari denied 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624. The difference in language between the 1948 and 1954 enactments does not require a different holding.

If any doubt should remain as to the effect of the 1954 provision, it would be dispelled by the legislative history. Sections 7482 and 7483 were regarded as reenactments without substantial change of Sections 1141 and 1142 of the 1939 Code. 3 U.S.Code Cong. & Admin. News

(1954), pp. 4017, 4582, 4621, 5264. The committee explanation of Section 7851 (a) (6) (C) supports the foregoing analysis. Both the Senate and House Committees reported:

"The provisions of the 1954 Code which apply to the taxes imposed by the 1939 Code are the type which are not closely related to a particular tax but involve the general administration of the revenue." 3 U.S.Code Cong. & Admin. News (1954) pp. 4017, 4591, 4621, 5276.

 We therefore reach the conclusion that Section 732(c) of the 1939 Code is still effective with respect to review of World War II excess profits tax relief cases.

 The next question for consideration with respect to the motion to dismiss is whether or not Section 732(c), properly construed, forbids review by this Court of the issues raised by the taxpayer. The determinations of the Tax Court which we are asked to review involve no Sections of the Internal Revenue Code other than Section 722. The case is thus distinguishable from Stimson Mill Co. v. Commissioner, 9 Cir., 1947, 163 F.2d 269; Dowd-Feder, Inc., v. Commissioner, 6 Cir., 1949, 173 F.2d 673; and Packer Publishing Co. v. Commissioner, 8 Cir., 1954, 211 F.2d 612. The taxpayer's argument is that the determinations were not necessary solely by reason of Section 722, because they involved questions common to all tax cases. The general nature of the determinations of the Tax Court of which the taxpayer complains has been set forth above. The first two categories relate to the manner in which the court handled the evidence before it in arriving at the conclusion that certain events did not make the taxpayer's base period abnormal, a conclusion necessary solely for Section 722 relief purposes. The process involved was the normal one of finding facts from the evidence, and application of the Section 722 relief formulae was also involved. Such matters, involving questions of fact and of mixed fact and law, are precisely what Congress wished to have finally resolved in the Tax Court in the exercise of its special knowledge in the field. See 7A Mertens, Law of Federal Income Taxation, § 42.145, and the many references to the legislative history contained therein. The final resolution of matters of fact and law which directly and solely relate to the determination of whether or not to grant Section 722 relief is for the Tax Court, and this Court is not empowered to cure any errors which may occur in that process. See Colonial Amusement Co. of Philadelphia v. Commissioner, 3 Cir., 1949, 173 F.2d 568; George Kemp Real Estate Co. v. Commissioner, supra; Colorado Milling & Elevator Co. v. Commissioner, 10 Cir., 1953, 205 F.2d 551; A. B. Frank Co. v. Commissioner, 5 Cir., 1954, 211 F.2d 497; Corn Products Refining Co. v. Commissioner, 2 Cir., 1954, 215 F.2d 513; Standard Hosiery Mills v. Commissioner, 4 Cir., 1957, 249 F.2d 469. It follows that the determinations made by the Tax Court are not reviewable here.

Certain of the taxpayer's theories of obtaining Section 722 relief were rejected, not on the merits, but because they were held to have been untimely or inadequately presented by it to the Commissioner. The determination as to whether or not to consider the claims on the merits involved a construction of the Commissioner's regulations promulgated under Section 722(d) of the 1939 Code, because that Section conditioned consideration of relief upon compliance with the regulations. The taxpayer's claims as to certain matters were deemed to have been presented inadequately under the regulations and as to others to have been presented untimely. We cannot see how those determinations were required by anything other than Section 722, which would of course include the regulations under it. See Standard Hosiery Mills v. Commissioner, supra. Matters of law as well as matters of fact are denied review by Section 732(c). George Kemp Real Estate Co. v. Commissioner, surpa; James F. Waters, Inc., v. Commissioner, supra. To be distinguished from the situation here presented are

those cases having to do with the extent of the Tax Court's jurisdiction in excess profits tax relief proceedings. Such cases are Commissioner of Internal Revenue v. Blue Diamond Coal Co., 6 Cir., 1956, 230 F.2d 312; Commissioner of Internal Revenue v. Seminole Mfg. Co., 5 Cir., 1956, 233 F.2d 395; H. Fendrich, Inc.. v. Commissioner, 7 Cir., 1951, 192 F.2d 916, H. Fendrich, Inc., v. Commissioner, 7 Cir., 1957, 242 F.2d 803, which reviewed the question of whether non-relief issues could be considered by the Tax Court in an excess profits tax relief case. And see George Kemp Real Estate Co. v. Commissioner, 2 Cir., 1953, 205 F.2d 236, certiorari denied 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384, reviewing the question of whether the doctrine of collateral estoppel should have been applied in a Section 722 case.

■ The taxpayer claims that even if the rejections on the bases of untimely and inadequate filing were justified under the regulations and Section 722(d), the claims should have been considered because the Commissioner investigated their merits and thus waived his right under the regulations to reject them. The taxpayer contends that the Tax Court's determination of the waiver problem is subject to review because it was not necessitated solely by reason of Section 722. The question of reviewability may not be completely free from doubt, and taxpayer's contention receives some oblique support from the second Kemp case, 205 F.2d 236, which is somewhat analogous. However, it would seem more in keeping with the intent of Section 732(c) to hold, as we do, that the Tax Court's determination of the waiver issue is not reviewable by this Court. Cf. Standard Hosiery Mills v. Commissioner, supra. The basic issue was whether or not the relief claims were precluded from consideration by Section 722(d). The questions which had to be resolved in order to determine that issue were whether the regulations had been complied with and whether, if there had been non-compliance, the Commissioner's actions had rendered compliance unneces-

sary. Those questions of fact and law required solution solely because of the provisions of Section 722. Under the statute review of the Tax Court's determinations cannot be had in this Court.

The motion to dismiss the petition is granted.

Petition dismissed.