**HEADLINE PUBLICATIONS, INC.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REV-ENUE, Respondent.**

**No. 10, Docket 25048.**

United States Court of Appeals
Second Circuit.

Argued Dec. 5, 1958.

Decided Feb. 2, 1959.

Bernard Weiss, New York City, for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SWAN, MEDINA and WATERMAN, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by the taxpayer seeking review of a decision of the Tax Court with respect to appellant's excess profits tax for the taxable year ending November 30, 1945. By stipulation the parties submitted to the Tax Court for decision only the issue whether the applicable statute of limitations bars the allowance of petitioner's claim to an unused excess profits credit carry-over from the fiscal year 1944 and carry-back from the fiscal year 1946 to the fiscal year 1945. The Tax Court held the statute to be a bar. Its findings of fact and opinion are reported in 28 T.C. 1263.

At the outset we are faced with the suggestion, somewhat doubtfully advanced by the respondent, that this court lacks jurisdiction to review the decision of the Tax Court. With respect to judicial review 26 U.S.C.A. Excess Profits Taxes, § 732(c) provides: "If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of * * * section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Tax Court." Section 722(d), 26 U.S.C.A. Excess Profits Taxes, incorporates by reference the time limitations of 26 U.S.C.A. (I.R.C.1939) § 322.[1] In view of the Tax Court's denial of § 722 relief on the ground that the time limitations of § 322 precluded using for the year 1945 the unused carry-over from 1944 and the unused carry-back from 1946, we cannot say that the denial of relief was "solely by reason of" § 722. While the decision in George Kemp Real Estate Co. v. Commissioner, 2 Cir., 205 F.2d 236, certiorari denied 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384, is not so precisely in point as in Stern & Stern Textiles, Inc. v. Commissioner, 2 Cir., 263 F.2d 538, it is nevertheless an applicable precedent for the exercise of jurisdiction in this case.[2]

The findings of evidentiary facts made by the Tax Court are not disputed. They will be found in its opinion and need not be here repeated. In October 1947 appellant filed a timely application for excess profits tax relief under § 722 of the 1939 Code for the fiscal year ended November 30, 1945. In March 1950 it filed an amendment to its application. The amendment asked for an unused excess profits credit carry-over from 1944 and carry-back from 1946. The amendment was filed after the time limitations prescribed by § 322 had run on claims for refunds based on carry-overs and carry-backs. Such time limitations expired on February 15, 1949 for a carry-over and February 15, 1950 for a carry-back.

The appellant argues first, that its original application inferentially included a claim for an excess profits carry-over and carry-back since the amount of the refund claimed could not have been arrived at without their inclusion. But § 35.722–5 of Regulation 112 requires

1. Section 722(d) provides:
   "(d) *Application for relief under this section.* * * * The benefits of this section shall not be allowed unless the taxpayer within the period of time prescribed by section 322 (I.R.C.1939) and subject to the limitation as to amount of credit or refund prescribed in such section makes application therefor in accordance with the regulations prescribed by the Commissioner with the approval of the Secretary * * * *"

The applicable regulations are to be found in § 35.722–5 of Regulations 112, as amended.

2. In accord, Utility Appliance Corporation v. Commissioner, 9 Cir., 256 F.2d 39; May Seed & Nursery Co. v. Commissioner, 8 Cir., 242 F.2d 151, certiorari denied 355 U.S. 839, 78 S.Ct. 62, 2 L. Ed.2d 51. Cf. Brown Paper Mill Co. v. Commissioner, 5 Cir., 255 F.2d 77; Standard Hosiery Mills v. Commissioner, 4 Cir., 249 F.2d 469.

specificity in the application. It provides:

"* * * In addition to all other information required, such application shall contain a complete statement of the facts upon which it is based and which existed with respect to the taxable year for which the unused excess profits credit so computed is claimed to have arisen, and shall claim the benefit of the unused profits credit carry-over or carry-back."[3]

The Tax Court, "Even assuming the correctness of the facts urged by the petitioner" concluded, "After a careful scrutiny of the record," that the original application failed to meet the requirements of the Regulation. We agree. A contrary ruling would doubtless have encouraged circumvention of the specificity requirements designed to give the Commissioner timely notice of the taxpayer's claims in this complicated field. In view of the foregoing discussion, it is unnecessary to consider appellant's contention that the amendment of its application was timely because "no new research" was required by the Commissioner in auditing the amended claim.

Finally the appellant, in reliance on H. Fendrich, Inc. v. Commissioner, 7 Cir., 242 F.2d 803, 807, argues that the original application suspended the statute of limitations and thereafter its entire excess profits tax liability was open for consideration. The Tax Court found factual differences sufficient to distinguish Fendrich. Without considering that ground of distinction we hold the decision inapplicable because here there was an applicable regulation requiring a specific request, within the statutory period, for the allowance of carry-over or carry-back adjustments.

Decision affirmed.

3. The Regulation also provides: "No new grounds presented after the period of time for filing a claim for credit or refund prescribed by section 322, and no new grounds or additional facts presented after the disallowance, in whole or in part, of the application for relief and the claim for refund based thereon, will be considered in determining whether the taxpayer is entitled to relief or the amount of the constructive average base period net income to be used in computing such relief for the taxable year."