**UNITED STATES RUBBER CO.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent.

No. 3, Docket 25322.

United States Court of Appeals
Second Circuit.

Argued Nov. 4, 1959.

Decided Jan. 13, 1960.

Montgomery B. Angell, New York City (John A. Reed and Richard R. Dailey, New York City, on the brief), for petitioner.

Harry Marselli, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Meyer Rothwacks, Atty., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before CLARK, HINCKS and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

Review is sought of a decision of the Tax Court [29 T.C. 1268] which upheld the Commissioner's denial of petitioner's application for excess profits tax relief for the years 1941 through 1945 under § 722 of the 1939 Code, 26 U.S.C.A. Excess Profits Taxes, § 722,[1] the section for

---

1. "§ 722. *General relief—Constructive average base period net income*

"(a) *General rule.* In any case in which the taxpayer establishes that the tax computed under this subchapter (without the benefit of this section) results in an excessive and discriminatory tax and establishes what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income for the purposes of an excess profits tax based upon a comparison of normal earnings and earnings during an excess profits tax period, the tax shall be determined by using such constructive average base period net income in lieu of the average base period net income otherwise determined under this subchapter. In determining such constructive average base period net income, no regard shall be had to events or conditions affecting the taxpayer, the industry of which it is a member, or taxpayers generally occurring or existing after December 31, 1939, except that, in the cases described in the last sentence of section 722(b) (4) and in section 722(c), regard shall be had to the change in the character of the business

under section 722(b) (4) or the nature of the taxpayer and the character of its business under section 722(c) to the extent necessary to establish the normal earnings to be used as the constructive average base period net income.

"(b) *Taxpayers using average earnings method.* The tax computed under this subchapter (without the benefit of this section) shall be considered to be excessive and discriminatory in the case of a taxpayer entitled to use the excess profits credit based on income pursuant to section 713, if its average base period net income is an inadequate standard of normal earnings because—
* * * * *
"(4) the taxpayer, either during or immediately prior to the base period, commenced business or changed the character of the business and the average base period net income does not reflect the normal operation for the entire base period of the business. If the business of the taxpayer did not reach, by the end of the base period, the earning level which it would have reached if the taxpayer had commenced business or made the change in the character of the business two

relief as to so-called abnormalities. Not only have the parties stipulated that during the base period two changes occurred in the character of the petitioner's business, as that phrase is defined in § 722(b) (4), but also they agreed as to the appropriate adjustments resulting from such changes, and as to the fact that such adjustments would not duplicate any of the petitioner's earnings included in its average base period net income (ABPNI), as computed under § 742(h). The Tax Court, drawing upon the language of § 722, accordingly framed two issues for decision, viz., "whether the petitioner has shown that its average base period net income, without the benefit of section 722, is an inadequate standard of its normal earnings because of the admitted change in the character of its business * * *" and "whether it has established what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income (CABPNI) 'in lieu of the average base period net income otherwise determined under this subchapter' in computing the excess profits credit based on income." The issues thus posed were both decided adversely to petitioner.

At the threshold we are met with the Commissioner's contention that, by reason of § 732(c), we are without jurisdiction to review the determination below because it was of questions made "necessary solely by reason of * * * section 722."[2] We proceed, therefore, to a consideration of this jurisdictional problem.

As shown above, the Tax Court stated that the only issues involved were the establishment by the taxpayer of two conditions upon which relief under § 722 depended.

The Commissioner in his brief defined the question presented as follows:

"The broad issue in this case is whether the taxpayer was entitled to relief under Section 722 of the 1939 Internal Revenue Code, where a proper reconstruction of its base period income for the items qualifying as grounds for relief under Section 722 resulted in an amount which was less than its average base period net income computed (without the benefit of Section 722) under Section 742(h) of that Code.

"More specifically, the question presented is whether, in arriving at its 'constructive average base period net income' under Section 722(a), the taxpayer was also entitled to the benefits of the so-called 'growth formula' used in computing its 'average base period net income' under Section 742(h)—i. e., whether the taxpayer was entitled to *both* relief under Section 722 *and* the benefits of the 'growth formula' computation under Section 742(h)."

years before it did so, it shall be deemed to have commenced the business or made the change at such earlier time. For the purposes of this subparagraph, the term 'change in the character of the business' includes a change in the operation or management of the business, a difference in the products or services furnished, a difference in the capacity for production or operation, a difference in the ratio of nonborrowed capital to total capital, and the acquisition before January 1, 1940, of all or part of the assets of a competitor, with the result that the competition of such competitor was eliminated or diminished. * * *"

2. "§ 732. *Review of abnormalities by Tax Court of the United States* * * * "(c) *Finality of determination.* If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of * * * section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Tax Court.

"(d) *Review by special division of the Tax Court.* The determinations * * * by any division of the Tax Court involving any question arising under * * * section 722 * * * shall be reviewed by a special division of the Tax Court which shall be constituted by the presiding judge and consist of not less than three judges of the Tax Court. The decisions of such special division shall not be reviewable by the Tax Court, and shall be deemed decisions of the Tax Court."

The procedure of § 732(d) was followed in the instant case.

The taxpayer in its reply brief defines the issue as follows:

"* * * The issue, more accurately stated, is whether in determining the amount of the credit, petitioner is entitled to a 'constructive average base period net income' under Section 722(a) computed by the sum of the Section 742(h) formula applied only to its own actual base period earnings and one or both of the two unrelated stipulated reconstructions under Section 722(b) (4), and to use such 'constructive average' in place of the base period average otherwise determined, when the two sets of computations are entirely independent, one from the other."

It thus appears plain that in each of these three definitions of the issues it is recognized that the only problem involves a determination of the proper 'constructive average base period net income" under § 722(a).

Moreover, our own independent analysis of the issues, in the light of the stipulation in the Tax Court and the findings in the thoughtful opinion of Judge Murdock, convinces us that the determination sought was one made "necessary solely by reason of * * * section 722." It will be noted that there is no dispute between the parties as to the existence and amount of any "change in the character of the business" of the taxpayer under § 722(b) (4), and no dispute that such changes as occurred were properly reflected in the Commissioner's computation of the taxpayer's CABPNI. Nor is there any dispute as to the amount of the excess income tax credit under the "growth formula" of § 742(h). And the Commissioner gave the taxpayer the full benefit of this credit. The only question is one of method in determining the CABPNI under § 722(a), i. e., whether for purposes of determining the excess profits credit petitioner's CABPNI may properly reflect the Supplement A ABPNI computed under § 742(h) in addition to the credits for "change[s] in character of the business" authorized by

§ 722(b) (4). We cannot escape the conclusion that the only determination involved is one "necessary solely by reason of * * * section 722." Consequently, we hold that under § 732(c) we are without jurisdiction to review.

Our conclusion is in accord with Helms Bakeries v. Commissioner of Internal Revenue, 9 Cir., 236 F.2d 3; 263 F.2d 642, certiorari denied 360 U.S. 903, 79 S. Ct. 1285, 3 L.Ed.2d 1255; Colorado Milling & Elevator Co. v. Commissioner of Internal Revenue, 10 Cir., 205 F.2d 551; cf. Brown Paper Mill Co. v. Commissioner of Internal Revenue, 5 Cir., 255 F.2d 77, certiorari denied 358 U.S. 906, 79 S. Ct. 229, 3 L.Ed.2d 227. It is not in conflict with our decisions in George Kemp Real Estate Co. v. Commissioner of Internal Revenue, 2 Cir., 205 F.2d 236; Stern & Stern Textiles, Inc. v. Commissoner of Internal Revenue, 2 Cir., 263 F. 2d 538; Headline Publications, Inc. v. Commissioner of Internal Revenue, 2 Cir., 263 F.2d 541. We reviewed on the merits in the former two cases because the Tax Court's decisions were based upon the doctrine of collateral estoppel and not upon § 722 as was its decision in the case now before us, and in the latter case because the only contested issue which had been submitted to the Tax Court was a question as to the statute of limitations.

The petitioner relies on Dowd-Feder, Inc. v. Commissioner of Internal Revenue, 6 Cir., 173 F.2d 673, and Stimson Mill Co. v. Commissioner of Internal Revenue, 9 Cir., 163 F.2d 269, certiorari denied 332 U.S. 824, 68 S.Ct. 165, 92 L. Ed. 400, rehearing denied 332 U.S. 839, 68 S.Ct. 218, 92 L.Ed. 411, affirming 7 T.C. 1065, in both of which cases jurisdiction was sustained over challenge by the Commissioner. We think that in each of these cases, as in this, only a § 722 question was involved, i. e., the proper computation of the taxpayer's CABPNI under § 722, and with deference we cannot accept the analysis of the problem made in those opinions. We suggest that the Stimson Mill case may no longer control in the Ninth Circuit: it appears to have been overruled, *sub silentio*, by Helms

Bakeries v. Commissioner of Internal Revenue, supra. And the Court in the Sixth Circuit in its Dowd-Feder decision relied upon Stimson Mill.

Petition dismissed.