**PUGET SOUND PULP & TIMBER CO.,
a corporation, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 16252.

United States Court of Appeals
Ninth Circuit.

April 12, 1960.

Rehearing Denied May 23, 1960.

George H. Koster, LenArd Zipperian, San Francisco, Cal., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before ORR, BARNES and MERRILL, Circuit Judges.

PER CURIAM.

Petitioner filed claims for excess profits tax relief under Section 722 of the Internal Revenue Code of 1939, 26 U.S.C.A. Excess Profits Taxes, § 722.

The respondent Commissioner contends that review of this case is precluded by Section 732(c) of the 1939 Code, 26 U.S.C.A. Excess Profits Taxes, § 732(c), reading as follows:

"(c) *Finality of determination* If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Tax Court."

Petitioner replies that whenever constitutional questions of due process are raised, the determination of that question does not rest "solely" upon the sections mentioned.

We have heretofore ruled on this question. We again find we have no jurisdiction, resting our decision on James F. Waters, Inc. v. Commissioner of Internal Revenue, 9 Cir., 1947, 160 F.2d 596,[1] where we said,

"It is well settled that where statutes create special relief, credits, or the like, such concessions are matters of legislative grace * * * and that Congress may preclude judicial review of the determinations of an administrator in respect of them."

160 F.2d at page 598. And in Helms Bakeries v. Commissioner of Internal

---

1. Certiorari denied 332 U.S. 767, 68 S.Ct. 77, 92 L.Ed. 353.

Revenue, 9 Cir., 1959, 263 F.2d 642, overruling Helms Bakeries v. Commissioner of Internal Revenue, 9 Cir., 1956, 236 F.2d 3, where we relied on similar conclusions reached in the Second, Third, Fourth, Fifth, Sixth and Tenth Circuits, and cited the cases.

The petition for review is dismissed for lack of jurisdiction.