**HEWITT-ROBINS, INCORPORATED**
(Successor by Merger to Robbins Conveyors Incorporated), Petitioner

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 12989.

United States Court of Appeals
Third Circuit.

Argued May 3, 1960.

Decided Sept. 28, 1960.

William E. Murray, New York City, (Jackson, Nash, Brophy, Barringer & Brooks, New York City, on the brief), for petitioner.

Harry Marselli, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D.C., on the brief), for respondent.

Before KALODNER, HASTIE and FORMAN, Circuit Judges.

KALODNER, *Circuit Judge.*

This is a petition to review the determination of the Tax Court in a proceeding brought upon applications for relief under Section 722 of the Internal Revenue Code of 1939, Excess Profits Tax Act of 1940, as amended, 26 U.S.C.A.

Excess Profits Taxes, § 722,[1] with respect to the petitioner's excess profits taxes for the years 1940 through 1944. The cause was submitted to the Tax Court upon the severed question as to whether relief under Section 722(b) (4) for the years 1940, 1941, and 1942, was barred by limitation, it being agreed that if the issue was resolved against the petitioner, it would abandon its claims to relief under Section 722(b) (2), (3), and (5). The Tax Court held against the petitioner, 32 T.C. 60, and this petition followed, jurisdiction being asserted upon Section 7482 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7482.

Petitioner's claim for relief under Section 722(b) (4) was asserted by amendment after the statutory period to its timely filed applications for relief under Section 722(b) (2), (3) and (5). It contends that the amendment must be allowed because the facts upon which it was based would necessarily have been ascertained by the Commissioner in a proper consideration of its timely filed applications; that the Commissioner's regulation did not prohibit the introduction of additional evidence in support of a timely filed claim under Section 722; and that in any event, the objection of

untimeliness was waived by the Commissioner.

The Commissioner, without any concession to the petitioner, has moved in this Court to dismiss the petition for review on the ground of lack of jurisdiction by reason of Section 732(c) of the Internal Revenue Code of 1939, ch. 10, § 9, 55 Stat. 26 (1941), as amended, 26 U.S.C.A. Excess Profits Taxes, § 732(c), which reads as follows:

"(c) Finality of determination. If in the determination of the tax liability under this subchapter the determination of any question is necessary solely by reason of section 711(b) (1) (H), (I), (J), or (K), section 721, or section 722, the determination of such question shall not be reviewed or redetermined by any court or agency except the Board [Tax Court]."

In this connection, it may be noted that pursuant to the provisions of Section 732(d), the determinations of any division of the Tax Court involving any question arising under Section 722 with respect to any taxable year shall be reviewed by a special division of the Tax Court constituted by the presiding judge and consisting of not less than three judges of the Tax Court. The decisions

---

1. "§ 722. General relief—Constructive average base period net income
\* \* \* \* \*

"(d) Application for relief under this section. The taxpayer shall compute its tax, file its return, and pay the tax shown on its return under this subchapter without the application of this section, except as provided in section 710(a) (5). The benefits of this section shall not be allowed unless the taxpayer within the period of time prescribed by section 322 and subject to the limitation as to amount of credit or refund prescribed in such section makes application therefor in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. If a constructive average base period net income has been determined under the provisions of this section for any taxable year, the Commissioner may, by regulations approved by the Secretary, prescribe the extent to which the limitations prescribed by this subsection may be waived for

the purpose of determining the tax under this subchapter for a subsequent taxable year. \* \* \* " (Excess Profits Tax Act of 1940, ch. 757, title II, § 201, 54 Stat. 986, as amended, 57 Stat. 601 (1943).)

"§ 322. Refunds and credits
\* \* \* \* \*

"(b) Limitation on allowance

"(1) Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. If no return is filed by the taxpayer, then no credit or refund shall be allowed or made after two years from the time the tax was paid, unless before the expiration of such period a claim therefor is filed by the taxpayer." (Internal Revenue Code of 1939, § 322, 53 Stat. 91, 26 U.S.C.A. § 322).

of such special division are not reviewable by the Tax Court and are deemed decisions of the Tax Court. This procedure was followed in the instant case.

The petitioner resists the motion to dismiss on the grounds that (1) the restriction imposed by Section 732(c) has been removed by the Internal Revenue Code of 1954, and (2) the determination of the question here involved is not necessary solely by reason of Section 722.

■■ As to the first ground, we are satisfied that Section 732(c) has not been repealed by the Internal Revenue Code of 1954. The point was given particular attention in Brown Paper Mill Co. v. Commissioner, 5 Cir., 1958, 255 F.2d 77, 79–80, certiorari denied 358 U.S. 906, 79 S.Ct. 229, 3 L.Ed.2d 277; Patent Button Co. of Tenn. v. Commissioner, 6 Cir., 1958, 256 F.2d 726, 727–728; Crowell-Collier Pub. Co. v. Commissioner, 2 Cir., 1958, 259 F.2d 860, 863, certiorari denied 358 U.S. 928, 79 S.Ct. 314, 3 L.Ed.2d 302. In addition, the Section was applied by us without further mention in L. E. Carpenter & Co. v. Commissioner, 1959, 264 F.2d 230; see also, Bradford Machine Tool Co. v. Commissioner, 6 Cir., 1958, 260 F.2d 950, certiorari denied 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573; Helms Bakeries v. Commissioner, 9 Cir., 1959, 263 F.2d 642, certiorari denied 360 U.S. 903, 79 S.Ct. 1285, 3 L.Ed.2d 1255; United States Rubber Co. v. Commissioner, 2 Cir., 1960, 274 F.2d 307; Puget Sound Pulp & Timber Co. v. Commissioner, 9 Cir., 1960, 277 F.2d 803, certiorari denied 81 S.Ct. 71.

With respect to the question of the application of Section 732(c), we are inclined to agree with Brown Paper Mill Co. v. Commissioner, supra, 255 F.2d at pages 80–81, that while the matter is not free from doubt it would seem more in keeping with the intent of the statutory scheme to hold that the determination of the Tax Court is not reviewable

in the circumstances here presented: the questions of law and fact require solution solely because of Section 722.[2] As was said in Standard Hosiery Mills, Inc. v. Commissioner, 4 Cir., 1957, 249 F.2d 469, 471:

"and the contention as to equitable estoppel is that the Commissioner is estopped from refusing to apply to the tax years in question the determination made under 722 for the year 1941. No question under any provision of the tax laws other than 722 is involved and no principle of general law or equity is brought into question except as applied to relief asked under section 722. The determination of any question raised by taxpayer is necessary, therefore, 'solely by reason of section 722.' In the absence of that section, taxpayer would not be entitled to any relief or to have the courts consider any of the questions which it has raised, all of which relate to relief sought under that section."

In particular, whether the petitioner's amendment adding a claim under Section 722(b) (4) to his timely presented claims under other subsections of 722(b) constituted a new claim involved application and construction of the complex provisions of those subsections and the regulations adopted thereunder. Similarly, whether the Commissioner's investigation of the timely claims should have disclosed the facts of the late claim, whether petitioner was merely presenting additional evidence in support of a single ground of relief, and whether the Commissioner waived the specificity requirements, are all questions which turn upon Section 722, although, as we have said, it is sufficient to deny review that these are questions required to be determined only because of Section 722.

■ Notwithstanding our conclusion that this petition must be dismissed, we are constrained to add that in any event

---

2. But see Stern & Stern Textiles, Inc. v. Commissioner, 2 Cir., 1959, 263 F.2d 538, certiorari denied, 361 U.S. 831, 80 S.Ct. 80, 4 L.Ed.2d 73; Headline Publications, Inc. v. Commissioner, 2 Cir., 1959, 263 F.2d 541, which, although distinguishable, nevertheless use language indicating a narrower view of Section 732(c). See also, United States Rubber Co. v. Commissioner, 2 Cir., 1960, 274 F.2d 307.

we would affirm the decision of the Tax Court. The background is fully stated in the opinion of the Tax Court and need not be repeated here. The Tax Court found that the petitioner's claim for relief under Section 722(b) (4) was asserted after the period of limitations, that it was materially different from the claims which were timely asserted, and that the specific claims asserted, together with the material submitted within the statutory period, would not direct the Commissioner's attention to the alleged changes underlying the 722(b) (4) claim. It found as fact that the Commissioner at all times adhered to his position that the claim under 722(b) (4) was barred as to the years 1940, 1941 and 1942. With these findings and conclusions we cannot disagree, for they are supported by the record.

For the reasons stated, the petition for review will be dismissed.